By the Court,

Bronson, J.
Had the objection to the competency of Decker been made before he was sworn, he would have been rejected (2 R. S. 408, § 87). But it was not taken until after he had been sworn and given his evidence. If it was not then too late to entertain the question, it was addressed to the discretion of the court, and upon the facts disclosed in the bill of exceptions, it is impossible to say that there was error in refusing to strike out the testimony.
Whether the defendant took the whip animo furandi, or whether he took it at all, were questions of .fact for the jury, and their verdict can not [462] be reviewed on a bill of exceptions. Was the case properly submitted to the jury by the court? This is the only question for our consideration. It is insisted that the whip was in the possession of the defendant by finding, and could not be the subject of larceny by him. In The People v. Anderson (14 Johns. R. 294), the defendant was the bona fide finder of a trunk which had been lost from a stage coach in the highway; and it was held that no subsequent act, in concealing or appropriating the trunk to his ,own use, would make it a case of larceny. The decision proceeded on the ground that the property was lost by the owner/ so that it no longer remained, either actually or constructively in his possession, and that it after-wards came lawfully to the hands of the defendant by finding. But in this case the whip was not lost. It remained where the owner had placed it, until it was taken up and concealed by the defendant. When Northrop left the store his mind was upon another matter, and the whip was forgotten for the moment; but he knew whesre he had placed it. and it was not lost to him *261 until it was removed and converted by the defendant. In the case of Anderson, the property was dropped in the highway without the knowledge of the owner, and stress was laid on the fact that the defendant was the bona fide finder. But here, the defendant knew that the property was not lost, and it- is impossible for him to maintain that it came to his possession in good faith by finding. Many of the cases on this subject are collected in 2 Russell on Crimes (100, 103). He says, the doctrine of taking by finding must be admitted with great limitation, and must be understood to apply only where the finder really believes the goods to have been lost by the owner, and does not color a felonious taking under such a pretence. He cites two manuscript cases, the one before Lawrence, J. and the other before Gibbs, J. In the first, it appeared that the defendant found a pocket-book containing bank notes in the highway, and afterwards converted the property to his own use. The judge, held, that if the party finding property in such manner, knows the owner of it, or if there be any mark upon it by which the owner can be ascertained, and the party, instead of restoring the property, converts it to his own use, such conversion will constitute a felonious taking. [463] In the case before Gibbs, J., two defendants were convicted of stealing a bill of exchange, upon evidence of their having found and converted it to their own use. The judge told the jury that it was the duty of every man who found the property of another, to use all diligence to find the owner, and not to conceal the property (which was actually stealing it), and appropriate it to his own use. In The State v. Weston, et al (9 Conn. R. 527), the defendants found a pocket-book in the highway containing bank bills, and converted the property to their own use. The name of the owner was legibly' written in the pocket-book, and it was proved that the defendants could read. They were convicted of larceny, and a motion for a new trial was denied. Peters, J., who delivered the opinion of the court, said it was well settled that the finder of personal property on the highway, knowing, or having the means of knowing the owner, and not restoring it to him, but converting it to his own use, is a thief, and ought to be punished accordingly. The contrary' doctrine was laid down by the supreme court of Tennessee, in Porter v. The State, Martin & Yerger, 226. In The People v. Anderson, it did not appear that the defendant knew, or had the means of knowing who was the owner of the property. Where that fact appears, the weight of authority seems to be that the finder of the property will be guilty of larceny, if he conceal and convert it to his own use. But it is unnecessary to pass upon that question in this case. The defendant was not, in any proper sense of the terms, the finder of lost property.
The fact that Northrop went out of the store and was absent some fifteen minutes before he returned to take the property, did not change the possession. In judgment of law, the gossession still remained in him. There was no error in the charge to the jury, and the judgment must be affirmed.
Judgment affirmed