By the Court, Cowen, J.
There was abundant proof of the concealment and fraudulent conversion of the money, after it had been found. This was undoubtedly under a full consciousness in the prisoner, that it was accidentally lost. It was immediately demanded of him by the owner, who suspected his having found it; but the prisoner denied the finding, and .concealed the bills. By the owner’s good fortune, they were traced to the hands of the prisoner, and finally restored ; but this was after a course of evasion and concealment, plainly indicating his fraudulent intent to keep the money if possible.
It did not appear in evidence, that the pocket-book or money had any mark by which the prisoner could have discovered Warren to be the owner, though he must have been conscious that the owner, whoever he might be, would malee an effort to find the money. He did make such effort, offering a reward to the prisoner personally. In short, the loss and finding were purely accidental. Every thing'after that, done by the prisoner, was characteristic of the thief; and if he can escape the legal consequences of the conviction of larceny, it must be solely because that crime is not predicable of a taking and conversion under the circumstances mentioned. Singular as it may seem to one reasoning upon principle, this appears to be the settled *96 doctrine of the law, and was considered to be so by this court in The People v. Anderson, (14 John. R. 294.) It is supposed, I perceive, by the counsel for the state, that from what was said in The People v. M’Garren, (17 Wendell, 460,) we maybe considered as holding it a duty to disregard the adjudication in The People v. Anderson, which is not denied to be a point blank case against the prosecution. But neither the decision, nor any dictum in The People v. M’Garren, nor the course of reasoning in that case, goes at all to countenance such an expectation. All we asserted there was, that probably the rule must be confined to such a case as the present, where it does not appear that the prisoner' knew, or had the means of knowing the true owner; and cases were cited to that effect. One was, where the pocket-book found was legibly marked with the owner’s name, the finder being able to read. Such cases themselves imply, that if the owner has placed no mark about the property, and none exists, by which the finder can discover him, the case must still be considered, as it long has been, one of mere trover and conversion—not of larceny. The general remark in The People v. M’Garren, that a finder, having the means of discovery, is an exception, must be taken with the .limitation indicated by the authorities referred.-to. Every finder may be said to have the means of discovering the owner by the exercise of an honest diligence; and if, when valuable property is lost, such means be made a test, the doctrine of The People v. Anderson is indeed gone. Scarcely any finder could fail in his search; and this being generally obvious to a jury, they would hardly ever fail to convict for that reason. The rule would thus, in practice, be brought down to a very narrow exception.
It may be very difficult to perceive any reason in sound morals, why this should not be so; but that is no argument for disregarding a settled rule of law.
New trial ordered.