Mr. Justice Thachee
delivered the opinion of the court.
This was an indictment in Jasper county circuit court for the larceny of a slave.
The plaintiff here claims as error, that the court below *351 refused a new trial, though the evidence was insufficient to warrant a conviction by the jury.
It is insisted that there is no evidence of the corpus delicti. The testimony of the owner of the slave, charged to have been stolen, shows that'the slave had run away from his possession, and after having been absent several months, was discovered and captured by him in the woods. ,
It is a settled principle of law that if one lose his goods, and another find them and convert them to his own use,,not knowing the owner, this is no larceny. But if the latter knew the owner, or had the means of knowing him, it would be larceny. 2 Leach, 952; 17 Wend. 460. The laws of this state presume a negro prima facie to be a Slave, and if a slave be found in the possession of one, other than his owner, and under suspicious circumstances, it will be sufficient evidence to compel that person to explain the circumstance of his possession. It is the duty of every good citizen, who finds a slave at large, without a permit from his owner, &c., to deliver him to the nearest justice of the peace, for commitment. A runaway slave, therefore, may be a subject of larceny.
In this case, however, neither of the two witnesses who testify to the fact of seeing the plaintiff in error in company with a negro, at a period during the absence of the runaway above-mentioned, speak positively as to the identity of that negro with the slave charged to have been stolen; and it also appeared that the accused, when thus seen, was travelling in the direction of the house of the owner of the slave. All the circumstances of the case, as described in the bill of exceptions, fail to make out a sufficient case for the state to warrant a conviction, or, indeed, to put the accused upon proof in explanation.
Our statute properly affixes an exemplary punishment to the offence of slave stealing; it may extend to the confinement of the'convicted in the penitentiary for the term of his life, and it therefore especially should remind us to require proof to a reasonable certainty that the party accused has been guilty of the offence charged.
The judgment of the court below is reversed, and a venire de novo awarded.