THE STATE, Respondent, *vs.* McCANN, Appellant.

1. A purse accidentally left in a store is not lost, and a party who takes it with a felonious intent is guilty of larceny.

*Appeal from St. Louis Criminal Court.*

*Lewis & Henning*, for appellant.
*H. A. Clover*, for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted at the January term, 1853, of the Criminal Court of St. Louis county, for grand larceny. At the March term following, he was tried and found guilty, and his punishment assessed at two years imprisonment in the state penitentiary. He moved for a new trial, which was overruled, and he excepted. He also moved in arrest of judgment, which being overruled, he likewise excepted to that, and brought the case here by appeal.

The testimony preserved in the bill of exceptions shows that the money charged to have been stolen was the property of William Eatherton, as charged in the indictment ; that Eatherton, on the Friday before last Christmas, was trading in a store in St. Louis county, purchasing some articles ; that he laid his purse down on the counter, and went out of the store, and in a few minutes felt his pockets and found that he had lost his purse. He returned to the store and ascertained which way the defendant started ; and he, the said Eatherton, and a neighbor or two of his, put off after the defendant ; that when he was trading in the store and had his purse, the defendant was pre-

sent in the store. When Eatherton overtook the defendant on the road, he stopped, and the defendant also stopped, and defendant asked Eatherton, "Are you the man that lost the purse?" Eatherton said, he had lost his purse; the defendant then put his hand into the breast of his coat and pulled out $7.80 of Eatherton's money, wrapped up in a kind of rag, and gave it to him. Defendant was asked where the purse was; he would not answer—would not state where it was. He said the purse was not worth carrying; he had taken the money out of the purse and thrown the purse away. There was more money in the purse than was handed over by the defendant. Eatherton stated, that there was no other person in the store when he first went in, but that defendant and two others came in afterwards, and were in the store when he left. Eatherton says he left his purse on the counter. The store belonged to Daniel Andrews. Mr. Andrews was behind the counter; says he does not know exactly how much money there was in the purse; there were ten dollars of paper money in the purse, which he had got from a neighbor in exchange for an eagle, and some other paper besides, and some silver, three two dollar bills, five franc piece, a fifty cent piece and some five and ten cent pieces; says that, during that morning, he spent but twenty cents out of the purse; says that the first thing said when he overtook the defendant on the road was, "are you the man that lost the purse?" He said he was. Eatherton also says there were no marks nor names about the purse by which any one could have told to whom it belonged. This is about the substance of the testimony. The defendant offered none.

The court instructed the jury that, if they believed from the evidence, that the defendant, either by himself, or with others, did steal, take and carry away the money of the defendant, as charged in the indictment, and that the value of said money so stolen was of the value of ten dollars or upwards, and that the defendant, either by himself or with others, stole the money, with the intent to convert it to his own use, and that he did so steal within three years next before the finding of this indict-

ment, and in St. Louis county, they will find the defendant guilty of grand larceny.

Without the jury believe from the evidence, that the defendant took the money with the intent to steal it, or aided and abetted any other person or persons, with the intent to steal, they will find the defendant not guilty. The court also instructed the jury about the time of imprisonment for grand larceny, and about the reasonable doubt, which instructions are thought not necessary to be noticed.

The defendant excepted to the instructions given by the court, and moved for the following :

"If the jury believe that the money was lost, and found by the defendant, they cannot find the defendant guilty, unless the evidence satisfies them that the defendant knew to whom the money belonged, or that the purse or vessel containing the money was so marked, obviously and clearly to show to whom the money belonged." The court gave this instruction, but added the following : "But if the jury believe from the evidence, that the money was left on the counter, and the defendant knew it, and that he took the money, or aided any other person or persons in taking it, with the intent to steal it, in that case you will find the defendant guilty."

The court refused the following instructions :

"If the money was lost and found by the defendant, the jury cannot find him guilty, unless they are satisfied, beyond a rational doubt, that, at the time he converted the money to his own use, he knew to whom the money belonged. If the defendant did not know to whom it belonged, at the time he converted it to his own use, the jury must acquit."

"The fact that the money was found in the possession of the defendant, will not of itself be sufficient to sustain the charge of a felonious taking, so that the defendant can be found guilty of larceny."

The defendant excepted to the refusal to give these instructions to the jury.

1. This case differs widely in its important facts from the case

of the *State* v. *Conway et al.*, decided at the last term of this court, (the Glencoe safe case.) Here, a man leaves his purse on the counter of a store, in the presence of the defendant ; in a few minutes search is made for it ; he starts off after the defendant, and when he overtakes him, the defendant says first, before any thing else is spoken, " Are you the man who lost the purse ?" and when answered in the affirmative, he put his hand in the breast of his coat, and pulls out the money which had been taken from the ·purse and wrapped in a rag, and hands to the owner $7 80.   The counsel for the prisoner seems to rest the whole force of the defence upon the words used, and the answer given to this first question : " Are you the man who *lost* the purse ?"  " Yes, I lost mine."  From this expression " lost," he concludes that the money was lost in reality ; he loses sight of the facts of the case, and takes it for granted the money was lost.  The purse was lost, and being unmarked, the owner could not be known, and larceny could not be committed.   Now the leaving the purse, in this case, on the counter, in the presence of the defendant, was not such a losing of it as is contemplated in the cases cited by this court in the *Glencoe safe case*.   It matters not if the defendant did not know the man's name to whom the purse belonged, if he saw the man put the purse on the counter and leave it.   He knew who put it there and who left it.   It was not, in reality, so lost that larceny could not be charged against the finder, who saw the owner leave it.

The instructions put the law of the case very fairly before the jury, especially the one asked by defendant's counsel, and given with an additional explanation by the court, and the court did very right to reject the other two.   Instructions should be always based upon the facts and the law arising thereon in every case, and should be so drawn as to assist the jury in forming a just and proper conclusion upon the evidence before them.

It will not always answer to give instructions, though drawn in the very phraseology of judicial determination.  Instruc-

tions must have some relation to the facts in proof. Abstract propositions should always be refused; and this court will not reverse for not giving instructions, wherever we see that proper instructions, embracing the law of the case, have been given.

The cases cited by the defendant's counsel, differ, in facts, from the one now before us. The cases of the *People* v. *Anderson*, 14 John. 294, and *People* v. *Cogdell*, 1 Hill, 94, and the cases in Yerger are cited and commented on by this court, in the case of the *State* v. *Conway et al.*, last term. The doctrine of the Tennessee courts is repudiated. The cases of *The People* v. *McGarren*, 17 Wend. 460; *Regina* v. *Peters*, 1 Carring. & Kir. 247 Eng. Com. L. R. 245; *State* v. *Ferguson*, 2 McMullan, 502; *Regina* v. *Rebecca Kerr*, 8 Car. & Payne, 176, (34 Eng. Com. L. R. 341;) *State* v. *Weston et al.*, 3 Conn. 527, are authorities bearing directly on the case now before us, and are strong against the position taken by defendant's counsel, and in favor of the ruling of the court below.

The case in Wendell is similar to this: the defendant, McGarren, was indicted for petit larceny, in stealing a whip worth two dollars, the property of one Stephen Northrop. The defendant was a merchant in Utica, and Northrop came to his store to buy cloth. After spending some time in looking at cloths, he went off without making a purchase, leaving his whip in the store, and the defendant concealed it. Within a few minutes, Northrop returned and enquired for it, and was told by the defendant that he had not seen it. Northrop returned repeatedly during the day, and always received the same answer. It was given in evidence that, when Northrop left the store, defendant expressed his dissatisfaction that he had not made a purchase, but observed, he has left his whip and I will keep it, and, accordingly, put it away; that previous to Northrop's return, the last time, the defendant had found out that he had purchased cloth elsewhere, and he then told Northrop, if he had bought the cloth of him, he would not have lost his whip. It was also in proof that, after Northrop left, the last time, the

17—VOL. XIX.

defendant told his clerk, if Northrop called again, to give him his whip. It was also stated that the defendant said he intended to return the whip. The court charged the jury that the whip, though left in the defendant's store, was not so in the defendant's possession, as not to be the subject of larceny by him, but was, in contemplation of law, in the possession of the owner, and not lost, and that a larceny of it could be committed by the defendant or any one else ; and if they believed that the defendant took the whip from the place where it was laid by the owner, with the intention of appropriating it to his own use and defrauding the owner, they should find the defendant guilty. The jury convicted the defendant and he was fined seventy-five dollars. He excepted to the decision of the court and the charge to the jury, and sued out his writ of error. This was affirmed in the Supreme Court. I have examined the numerous cases on this doctrine, and could cite others, *but it* is deemed unnecessary. The weight of authority is against considering property situated as the purse of Eatherton was, in this case, so lost that larceny could not be committed of it. The indictment is considered sufficient, and the motion in arrest properly overruled. The judgment of the Criminal Court is therefore affirmed, with the consent of the other judges.