RANDALL *v.* THE STATE, 4 Smedes & Marshall, 349.

### LARCENY OF A SLAVE.

If one lose his goods and another find them and convert them to his own use, not knowing the owner, it is not larceny; but if the finder knew the owner, or had the means of knowing him, it would be larceny.[1]

Under the laws of this state, a negro *prima facie* is presumed to be a slave; and if he be found in the possession of one other than his owner, under suspicious circumstances, it will be sufficient to put such person upon the explanation of the circumstance of his possession. And it is the duty of every citizen who finds a slave at large, without a permit from his owner, to deliver him to the nearest justice of the peace for commitment.

[1] State of Pennsylvania v. Myers, Addison, 320; State v. Brewster, 7 Vermont, 118; State v. Jones, Dev. & Bat., 544; Engleman v. State, 2 Carter, 91; State v. Williams, 9 Iredell, 140; State v. Weston, 9 Con., 527; State v. Williams, 2 Jones, 194; State v. Shaw, 4 Jones, 440; State v. Clark, 4 Strobh., 311; Hughes v. State, 8 Humph., 75; Archbold Cr. Pr. & Pl., 397 *et seq.* ; Tyler v. People, Breeze, 227; State v. Roper, 3 Dev., 473; State v. Ferguson, 2 McMullen, 502; Lane v. People, 9 Gilman, 305; Coon v. State, 13 S. & M., 246; People v. Swann, 1 Parker, 9; Wharton Am. Cr. Law, 1780, 1792-3-4, 1800; People v. Cogdell, 1 Hill, 94; State v. Pratt, 20 Iowa, 267; Rex. v. Moore, L. & C., C. C. 1; 8 Cox, C. C., 416; State v. Jenkins, 2 Tyler, 379; Lane v. People, 5 Gilman, 305.

Randall was indicted for stealing the slave of Bridges. It was proved that the slave ran away, and was absent five months, when he was found in the woods; that during this absence, Randall was seen traveling along the road with a negro very much resembling the slave of Bridges, and whom the witness believed to be the slave of Bridges, though he was not sure. Witness did not know the slave, and had only seen him once. Randall, when seen with the slave, was going in the direction of Bridges's residence. *Held* that the evidence was not sufficient to warrant a verdict of guilty, nor to put the defendant on proof in explanation, and that a new trial should have been granted.

Error to the circuit court of Jasper county.

The prisoner was indicted at the November term, 1844, of the circuit court of Jasper county, for stealing a negro, Sam, slave of William Bridges. Plea, "not guilty." On the trial, Wm. Bridges testified, on the part of the state, that Sam, the person named in the indictment, is his slave; that he ran away from his overseer in February or March, 1844, in the county of Jasper, and remained absent about five months, when he was caught in the woods up in a tree. Martin Walker testified, on the part of the state, that in June, 1844, he met the defendant in the public road about 9 o'clock in the morning, a few miles on the other side of Raleigh, in Smith county, and spoke to him. There was a negro with the defendant at the time, riding a mule and carrying a gun in his hand, the defendant being on foot. The negro passed on without stopping. From general appearance, witness thought Sam to be the same negro, but he was not certain. Believed he had on black or blue pantaloons, but was not sure; could not say whether he had on a dress or frock coat, nor the color of it. The negro was traveling openly in the public highway in the direction of Bridges's residence, some twenty-seven miles distant. Never saw the negro before nor afterwards, but once, until he saw him in court. Another witness for the state testified that, in June, 1844, defendant came to his house after night, and brought with him a negro, but what negro he did not know, as he stood out in the lane while the defendant came into the house; and that, when they started away, the negro mounted a mule. Did not see the negro have a gun; did not know him, nor could he say defendant ever had Sam in his possession. Witness lives in Jasper county, about twenty-seven miles from Mrs. Campbell's, and about fifteen from Mr. Bridges's, the owner of Sam. This was all the evidence, and upon it the jury returned a verdict of

guilty. A motion for a new trial was overruled, and the case is here upon writ of error.

*Marshall and McDougald* for plaintiff in error.

Thacher, J. :

This was an indictment in Jasper county circuit court for the larceny of a slave.

The plaintiff here claimed as error that the court below refused a new trial, though the evidence was insufficient to warrant a conviction by the jury.

It is insisted that there is no evidence of the *corpus delicti.* The testimony of the owner of the slave charged to have been stolen, shows that the slave had run away from his possession, and after having been absent several months, was discovered and captured by him in the woods.

It is a settled principle of law, that if one lose his goods and another find them, and convert them to his own use, not knowing the owner, this is no larceny. But if the latter knew the owner, or had the means of knowing him, it would be larceny. 2 Leach, 952; 17 Wend., 460. The laws of this state presume a negro *prima facie* to be a slave, and if a slave be found in the possession of one other than his owner, and under suspicious circumstances, it will be sufficient evidence to compel that person to explain the circumstances of his possession. It is the duty of every good citizen who finds a slave at large, without a permit from his owner, etc., to deliver him to the nearest justice of the peace for commitment. A runaway slave, therefore, may be a subject of larceny.

In this case, however, neither of the two witnesses who testify to the fact of seeing the plaintiff in error in company with a negro at a period during the absence of the runaway abovementioned, speak positively as to the identity of that negro with the slave charged to have been stolen; and it also appeared that the accused, when thus seen, was traveling in the direction of the house of the owner of the slave. All the circumstances of the case, as described in the bill of exceptions, fail to make out a sufficient case for the state to warrant a conviction, or, indeed, to put the accused upon proof in explanation.

Our statute properly affixes an exemplary punishment to the offense of slave stealing; it may extend to the confinement of the convicted in the penitentiary for the term of his life, and it therefore especially should remind us to require proof, to a reasonable certainty, that the party accused has been guilty of the offense charged.

The judgment of the court below is reversed, and a *venire de novo* awarded.