# PROVIDENCE COUNTY.

---

### Herbert R. Durfee *vs.* Orrin E. Jones.

A. bought an old safe, and afterwards offered it to B., who refused to purchase it. It was then left with B. for sale, B. having permission to use it. B. found between the outer casing and the lining a roll of bank bills belonging to some person unknown, whereupon A. first demanded the money and then demanded the safe and its contents as they were when B. received them. The safe was returned, but the money retained by B. In assumpsit brought by A. against B. for the money found: —

*Held*, that as against A., B. was entitled to retain the money.

The finder of lost property is entitled to it as against all the world except the real owner, and ordinarily the place where it is found is of no consequence.

Assumpsit, heard by the court, jury trial being waived.

*July* 21, 1877. DURFEE, C. J. The facts in this case are briefly these: In April, 1874, the plaintiff bought an old safe and soon afterwards instructed his agent to sell it again. The agent offered to sell it to the defendant for ten dollars, but the defendant refused to buy it. The agent then left it with the defendant, who was a blacksmith, at his shop for sale for ten dollars, authorizing him to keep his books in it until it was sold or reclaimed. The safe was old-fashioned, of sheet iron, about three feet square, having a few pigeon-holes and a place for books, and back of the place for books a large crack in the lining. The defendant shortly after the safe was left, upon examining it, found secreted between the sheet-iron exterior and the wooden lining a roll of bills amounting to $165, of the denomination of the national bank bills which have been current for the last ten or twelve years. Neither the plaintiff nor the defendant knew the money was there before it was found. The owner of the money is still unknown. The defendant informed the plaintiff's agent that he had found it, and offered it to him for the plaintiff; but the agent declined it, stating that it did not belong to either himself or the plaintiff, and advised the defendant to deposit it where it would be drawing interest until the rightful owner appeared. The plaintiff was then out of the city. Upon his return, being informed of the finding, he immediately called on the defendant and asked for the money, but the defendant refused to give it to him. He then, after taking advice, demanded the return of the safe and its contents, precisely as they existed when placed in the defendant's hands. The defendant promptly gave up the safe, but retained the money. The plaintiff brings this action to recover it or its equivalent.

The plaintiff does not claim that he acquired, by purchasing the safe, any right to the money in the safe as against the owner; for he bought the safe alone, not the safe and its contents. See *Merry* v. *Green*, 7 M. & W. 623. But he claims that as between himself and the defendant his is the better right. The defendant, however, has the possession, and therefore it is for the plaintiff, in order to succeed in his action, to prove his better right.

The plaintiff claims that he is entitled to have the money by the right of prior possession. But the plaintiff never had any

possession of the money, except, unwittingly, by having possession of the safe which contained it. Such possession, if possession it can be called, does not of itself confer a right. The case at bar is in this view like *Bridges* v. *Hawkesworth*, 15 Jur. 1079 ; 21 L. J. Q. B. 75, A. D. 1851 ; 7 Eng. L. & Eq. 424. In that case, the plaintiff, while in the defendant's shop on business, picked up from the floor a parcel containing bank notes. He gave them to the defendant for the owner if he could be found. The owner could not be found, and it was held that the plaintiff as finder was entitled to them, as against the defendant as owner of the shop in which they were found. " The notes," said the court, " never were in the custody of the defendant nor within the protection of his house, before they were found, as they would have been if they had been intentionally deposited there." The same in effect may be said of the notes in the case at bar ; for though they were originally deposited in the safe by design, they were not so deposited in the safe, after it became the plaintiff's safe, so as to be in the protection of the safe as *his* safe, or so as to affect him with any responsibility for them. The case at bar is also in this respect like *Tatum* v. *Sharpless*, 6 Phila. 18. There it was held, that a conductor who had found money which had been lost in a railroad car was entitled to it as against the railroad company.

The plaintiff also claims that the money was not lost but designedly left where it was found, and that therefore as owner of the safe he is entitled to its custody. He refers to cases in which it has been held, that money or other property voluntarily laid down and forgotten is not in legal contemplation lost, and that of such money or property the owner of the shop or place where it is left is the proper custodian rather than the person who happens to discover it first. *State* v. *McCann*, 19 Mo. 249 ; *Lawrence* v. *The State*, 1 Humph. 228 ; *McAvoy* v. *Medina*, 11 Allen, 549. It may be questioned whether this distinction has not been pushed to an extreme. See *Kincaid* v. *Eaton*, 98 Mass. 139. But, however that may be, we think the money here, though designedly left in the safe, was probably not designedly put in the crevice or interspace where it was found, but that, being left in the safe, it probably slipped or was accidentally shoved into the place where it was found without the knowledge of the

owner, and so was lost, in the stricter sense of the word. The money was not simply deposited and forgotten, but deposited and lost by reason of a defect or insecurity in the place of deposit.

The plaintiff claims that the finding was a wrongful act on the part of the defendant, and that therefore he is entitled to recover the money or to have it replaced. We do not so regard it. The safe was left with the defendant for sale. As seller he would properly examine it under an implied permission to do so, to qualify him the better to act as seller. Also under the permission to use it for his books, he would have the right to inspect it to see if it was a fit depository. And finally, as a possible purchaser he might examine it, for though he had once declined to purchase, he might on closer examination change his mind. And the defendant, having found in the safe something which did not belong there, might, we think, properly remove it. He certainly would not be expected either to sell the safe to another, or to buy it himself without first removing it. It is not pretended that he used any violence or did any harm to the safe. And it is evident that the idea that any trespass or tort had been committed did not even occur to the plaintiff's agent when he was first informed of the finding.

The general rule undoubtedly is, that the finder of lost property is entitled to it as against all the world except the real owner, and that ordinarily the place where it is found does not make any difference. We cannot find anything in the circumstances of the case at bar to take it out of this rule.

*We give the defendant judgment for costs.*

*A. J. Cushing*, for plaintiff.

*Francis W. Miner*, for defendant.