## Edward B. Kincaid *vs.* James Eaton.

If a person dealing at a bank accidentally leaves an article on a desk in the banking room and then publishes an advertisement describing it as lost and promising a reward to the finder upon returning it, another person who while dealing at the bank discovers and takes it is not entitled to the reward upon returning it to the owner, although the desk stood outside of the counters of the bank officers, in an open space accessible to all persons entering the room.

Contract to recover one hundred dollars of a reward offered by the defendant in an advertisement as follows : " One hundred and ten dollars reward. Lost, a pocket-book containing papers valuable only to the owner. The finder can have the above reward by returning book and contents to the Transcript office," being the office of a newspaper in Boston in which the advertisement was published.

At the trial in the superior court, before *Putnam,* J., the evidence was substantially as follows :

On Wednesday, November 28, 1866, the defendant was at

the Merchants' Bank in State Street, Boston, making a deposit, and finished his business and passed out of the banking room as the plaintiff, who was a boy sixteen years old, clerk of a banking firm, came in to deposit money for his employers. No person other than the bank officers was in the room at this time. Outside of the counters occupied by the tellers, and near one of the doors of entrance into and exit from the room, was a desk provided by the bank for the convenience of persons having business there. As the plaintiff, after making his deposit, was leaving this room, he saw a pocket-book lying on this desk, and took possession of it. Supposing it to belong to the man who had passed out, he hastened down stairs to overtake him, but did not succeed in doing so. He then took it to the office of his employers, where it was opened, and found to be marked with the defendant's name, and to contain promissory notes to the amount of a thousand dollars, a United States bond of the denomination of a hundred dollars, and lottery tickets which represented a payment of one hundred and five dollars. Depositing it in his employers' safe, the plaintiff ascertained the defendant's place of business, and called there several times during the afternoon, but was told that the defendant was out of town. The next day was a holiday. On Friday morning the plaintiff called again, repeatedly, at the defendant's place of business, but found it closed. He then, about one o'clock, took the pocket-book to the Merchants' Bank and gave it to a teller to deliver to whoever should inquire for it. About an hour earlier the defendant had inquired for it at the bank, but it did not appear of whom. On the noon of the same day the advertisement above quoted was first published. About two o'clock the plaintiff heard of the advertisement, and called immediately at the Transcript office, where he was informed of the place of residence of the defendant and advised to take the pocket-book to him there. He returned to the bank and was told that no one had inquired for it, and the teller gave it back to him, and he took it to the defendant's house. The defendant came to the house door, when the plaintiff delivered the pocket-book to him and asked for the reward. He drew from his pocket a roll of bank

ills and told the plaintiff to help himself. The plaintiff replied that he wished only the reward offered. The defendant then said that he " had no business to have kept the pocket-book," and asked if ten dollars would satisfy him. He answered that it would not; that it was not the reward advertised. The defendant replied that he " supposed some thief had got the pocket-book, and so advertised that way." The plaintiff then said again that ten dollars did not satisfy him ; but took the amount and came away.

On this evidence the defendant asked the judge to rule that the plaintiff could not recover; but he refused to do so, and instructed the jury to the contrary. A verdict was found for the plaintiff; and the defendant alleged exceptions.

*R. Codman,* for the defendant.

*E. M. Bigelow,* for the plaintiff.

WELLS, J.    Upon the facts of this case, and the authorities cited (*McAvoy* v. *Medina,* 11 Allen, 548 ; *Lawrence* v. *The State,* 1 Humph. 228; *Wentworth* v. *Day,* 3 Met. 354; *Symmes* v. *Frazier,* 6 Mass. 345,) the plaintiff did not come into possession of the pocket-book in such manner as to give him the special property therein which belongs to the finder of an article lost by the owner. By the terms of the advertisement the reward could be earned only by the return of the pocket-book by one who had entitled himself to those rights by finding. To discover an article voluntarily laid down by the owner within a banking house, and upon a desk provided for the use of such persons having business there, is not the finding of a lost article. The occupants of the banking house, and not the plaintiff, were the proper depositaries of an article so left. The plaintiff has not established a legal right to the reward according to the terms by which it was offered, and therefore cannot retain his verdict.

*Exceptions sustained.*