George Livermore, in replevin, *vs.* Joseph White.

. George M. Richardson, in replevin, *vs.* Same.

Kennebec.    Opinion February 22, 1883.

*Hides in vats.    Property abandoned, derelict, lost.    Treasure trove.    Replevin.*

.The owner of a tannery, when removing his hides, omitted to remove all. The tannery was sold, and many years after, the plaintiff, while laboring for the defendant in erecting a factory on the premises, discovered the hides so .left.    *Held ;*

1. That the owner of the hides or his representative, had not lost their title to the same.

2. That the finder acquired no title to the same, they being neither lost, :abandoned, nor derelict, nor treasure trove.

On exceptions from the superior court.

These two actions depending upon the same facts were replevin -for certain sides of unfinished leather.    The plaintiffs claim title :as finders.

The facts are stated in the opinion.

*S. S. Brown*, for the plaintiff in each case.

There can be no doubt that the hides were placed in the vats by some one forty or fifty years ago, for the purpose of tanning, and with the intention to take them out when sufficiently tanned. Two vats were discovered by Livermore, and one by Richardson.

There is no evidence that there was a person living, :at the time of the discovery, who knew of the existence of this leather.    The defendant claims no title only the right of possession.

The instruction of the presiding judge in relation to abandoned property was too restricted.    It was confined to property designedly abandoned with the intention at the time of parting with it.    We say that abandonment might have occurred after the hides were in the vats, and the fact that no one had called for them for forty-three years was evidence from which a jury

might have inferred such an abandonment. But the instruction took this consideration entirely from the jury.

In the case of *McLaughlin* v. *Waite*, 5 Wend. 405, the court say, "If chattels are found secreted in the earth or elsewhere, if the owner cannot be found, he is presumed to be dead, and that the secret died with him. In such cases the property belongs to the sovereign." In this case the property was found in the earth. We prove that the person whom defendant says was the owner, to be dead. The property then "belongs to the sovereign." That is, the people; and R. S., c. 98, §§ 10 to 14, provides for its disposition.

The rules of law applicable to treasure trove apply to this property. See Dane's Abr. c. 76, art. 7.

This case differs from those where chattels are laid down and carelessly overlooked, and left by the owner on the desk of a banker, the table of a barber, the counter of a tradesman, the seat of a coach or car, where they have been regarded as left in the custody of the banker, barber, tradesman, coachman or conductor. See Wells, Replevin, §§ 116, 117; 11 R. I. 588; 21 Ala. 240; 14 Johns. 293; 116 Mass. 42; 17 Wend. 460; 6 Phila. 18.

The owner of the soil is not the legal custodian of the property found within it. Such a rule would be directly in conflict with the long settled principles of law applicable to treasure trove. 2 Kent's Com. 356, 360; Dane's Abr. § 516; 1 Bl. Com. 295 ; 1 Met. 112; 7 E. Law and Eq. 424.

*Baker, Baker and Cornish,* and *Joseph E. Badger,* for the defendant, cited : Bouvier's L. Dict. "Treasurer trove"; 1 Bl. Com. * 295 ; 20 Vin. Abr. 414; 7 Com. Dig. 649 ; *Lawerence* v. *State,* 1 Humph. 228 ( 34 Am. Dec. 644) ; *Hamaker* v. *Blanchard,* 90 Penn. St. 377, (35 Am. Rep. 664) ; *State* v. *McCann,* 19 Mo. 249 ; *Tancil* v. *Seaton,* 28 Gratt. 601, (26 Am. Rep. 380) ; *Haslem* v. *Lockwood,* 37 Conn. 500 ; *Regina* v. *Peters;* *Amory Delamivie,* 1 Strange, 505 ; *Bridges* v. *Hawkesworth,* 7 Eng. L. and Eq. 424 ; *Bowen* v. *Sullivan,* 62 Ind. 281, (30 Am. Rep. 172) ; *Lawerence* v. *Buck,* 62 Maine, 275 ; *McAvoy* v. *Medina,* 11 Allen, 548 ; *Kincaid* v. *Eaton,*

98 Mass. 139; *Regina* v. *Rowe*, Bell's C. C. 73; *Barker* v. *Bates*, 13 Pick. 255; 12 Am. Law Rev. 706; 2 Kent's Com. 357.

APPLETON, C. J. This is an action of replevin for certain hides of tanned leather. The plaintiff's only title is as finder of them as lost goods. The verdict being against him, exceptions were duly filed to the rulings of the presiding justice, which have been very elaborately and ably argued.

It is in proof that in 1840, Edward Southwick was then owning and carrying on a large tannery, containing seven hundred and eleven vats of which the vats in question were part; that he sold the tannery to Southwick and Weeks who occupied a portion of the vats, not occupying the outside vats; that Edward Southwick died shortly after his conveyance of his estate; that the same passed to the Vassalboro' Manufacturing Company, which erected its mills thereon over twenty years ago; that the defendant is their agent and servant; that while the company were digging to lay a foundation for a brick building in addition to their present erection, the plaintiff, a servant in their employ, discovered the vats and the leather therein, by virtue of which discovery he claims title thereto.

It further appeared that these hides were identified as hides placed in the vats by Edward Southwick, and omitted to be taken when his vats were emptied.

(I.) Upon the question of abandonment the jury were instructed that if they should "find that the owners, for any reason satisfactory to themselves (at that time) intentionally abandoned these hides, expecting that the first finder, the first explorer or excavator ·should take possession and enjoy the property and the benefit . . with an intention of the owner or agent not to resume possession, .and not to claim any control or dominion over them thereafter, ·finally relinquishing all interest in them . . then these finders, under the rules given, would have a right to the possession as against all persons whatsoever," — but if they should find that Edward Southwick or his agent or . . . . "any owner whoever he may have been, of these hides, intentionally, carefully, voluntarily .and in the ordinary course of business, placed them there as his

property, and they were accidentally or inadvertently overlooked and forgotten, they remained the property of such owner or the heirs of such owner or of his estate to the present time."

This instruction is correct. Abandonment includes both the intention to abandon and the external act by which the intention is carried into effect. Here the act was one of preservation— the proprietor expending labor upon his property thereby to enhance its value. It was an act which excludes the very idea of abandonment.

In *McLaughlin* v. *White*, 2 Wendell, p. 405, Chancellor WALWORTH, says, "If chattels are found secreted in the earth or elsewhere, the common law presumes the owner placed them there for safety intending to reclaim them. If the owner cannot be found, he is presumed to be dead, and that the secret died with him. In such cases, the property belongs to the sovereign of the country as the heir to him who was the owner; but if they are found upon the surface of the earth or in the sea and if no owner appears to claim them, it is presumed they have been intentionally abandoned by the former proprietor and as such, they are returned into the common mass of things, as in a state of nature. They consequently belong to the finder or first occupant, who thinks fit to appropriate them to his own use. 1 Bl. Com. 308; 2 *Id.* 402." Here there was no secreting of the hides; no intentional abandonment and the estate to which the property belongs is known. The only title of the plaintiff is by finding, but under the circumstances, he acquires no right to the property.

The civil law recognizes the title by finding, by occupation, which gives property in a thing which previously had no proprietor. *Quod enim ante nullius est, id naturali ratione occupanti conceditur.* Inst. 2, 1, 12. If a thing already had an owner, it is only by dereliction by him that it can be appropriated by occupation. Dereliction or renunciation properly requires both the intention to abandon and external action. Thus the casting overboard of articles in a tempest to lighten the ship, is not dereliction as there is no intention of abandoning the property in the case of salvage. Inst. 2, 1, 48. Nor does the mere

intention of abandonment constitute dereliction of property with-out a throwing away or removal, or some other external acts, and herein dereliction of property differs from dereliction of pos-session, which does not require the second element. "There is this difference between dominion and possession, — that dominion continues after the will to own has ceased, whereas possession ceases with the will to possess." Poste's Gaius, 170.

By Hadrian's law, when treasure was found by any one on his own land, it became his property, but if found accidentally on the land of another, one-half belongs to the finder and the other half to the owner of the land. This rule is adopted in the French code. Code Civil Act, 713 ; Mackenzie's Roman Law, 170.

(II.) Nor can this be deemed treasure trove, which is thus defined in Jacob's Dictionary. It is "where any money is found hid in the earth, but not lying upon the ground, and no man knows to whom it belongs." Nothing is treasure trove but gold or silver. "It is not treasure trove if the owner can be known. Nor though the owner be dead ; for his executor or administrator shall have it." Com. Dig. Art. Warp. G. All the elements constituting treasure trove are wanting. Here was no hiding. Here was no secrecy. The owner was known. The deposit was not for concealment but in the usual and ordinary mode of business.

(III.) This is not a case of lost goods. The owner is shown. They belong to his estate. The title of the finders vanish when the owner is known. These goods were not lost. The facts negative a loss by the owner. The hides were through careless-ness left in the vat. If the fact of their being there was forgotten by the owner, they are none the less his,— and though forgotten they are not lost. They remained in the vats subject to his control. In *McAvoy* v. *Medina*, 11 Allen, 548, it was held that placing a pocket book voluntarily by a customer upon a table in a shop, and accidentally leaving it there or forgetting to take it, is not to lose it within the sense in which the authorities speak of lost property. "To discover an article voluntarily laid down by the owner in a banking room and upon a desk provided for such persons having business there, is not the find-ing of a lost article," remarks WELLS, J., in *Kincaid* v. *Eaton*,

98 Mass. 139. "Property is not lost in the sense of the rule," observes TRUNKEY, J., in *Hamaker* v. *Blanchard*, 90 Penn. 577, "if it was intentionally laid on the table, counter or other place by the owner, who forgot to take it away, and in such case the proprietor of the premises is entitled to retain the custody." "The loss of goods," the court say, in *Lawrence* v. *State*, 1 Humphrey, 228, "in legal and common intendment, depends on something more than the knowledge or ignorance, the memory or want of memory of the owner as to their locality at any given moment. . . To lose is not to place anything carefully and voluntarily in the place you intend and then forget it; it is casually and involuntarily to part from the possession; and the thing is then usually found in a place or under circumstances to prove to the finder the owner's will was not employed in placing it there."

The instructions upon the controverted questions were correct. Hides in a vat for the purpose of tanning, though not removed when the other vats are cleared, are not to be deemed abandoned or derelict, — nor though remaining in the vats for a long period through the forgetfulness of their owner or the ignorance of his representative, are they to be considered lost, so that the finder thereby acquires a title to them. Nor can the finding be deemed treasure trove, for there was no gold or silver hidden, and no hiding.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.