(1 Misc. Rep. 22.)

LOUCKS v. GALLOGLY.

(City Court of Albany. October, 1892.)

FINDING LOST GOODS—MONEY LEFT ON DESK IN A BANK.

Money left on a desk in a bank, provided for the use of the customers of the bank, is not lost, so as to entitle the finder to the same, as against the bank; the inference being that such money was voluntarily placed on the desk by the owner, and inadvertently left there by him.

Action by Henry B. Loucks against John J. Gallogly to recover $50 found by plaintiff, about two years before the action was brought, on a desk in a bank of which defendant was cashier, and delivered by plaintiff to defendant to hold for the owner, who, however, has never claimed it. Judgment for defendant.

James C. Matthews, for plaintiff.

Tracey & Cooper, (James Fennimore Cooper, of counsel,) for defendant.

WILKINSON, J.   It appears herein that plaintiff, about two years ago, discovered $50 in bills, lying on a desk in the National Exchange Bank of Albany where defendant was teller, and handed the money to defendant to keep for the owner.   The owner not appearing, plaintiff made demand of defendant, who refused to hand over the amount, whereupon this suit was brought to recover the same; plaintiff claiming to have right thereto as finder of lost prop- erty.   It appears that the desk upon which the money was found by plaintiff is within the banking house, and is there for use of customers of the bank, and that others also use it.

The law is well settled that the finder of lost property has a valid claim to the same, against all the world, except the true owner, and, generally, that the place in which it is found creates no exception to the rule.   Armory v. Delamirie, 1 Smith, Lead. Cas. 679; Bridges v. Hawkesworth, 7 Eng. Law & Eq. 424; Tatum v. Sharpless, 6 Phila. 18; Railroad Co. v. Haws, 56 N. Y. 175.   The finder's title is good, even as against one in whose house or on whose premises the lost article may be at the time.   Thus, the finder was held entitled to recover where he was a passenger on a train, and the article was found by him in the car where it had been left by a passenger, but the company claimed it.   Railroad Co. v. Haws, 56 N. Y. 175.   And so where a conductor or brakeman found money in a car.   Tatum v. Sharpless, 6 Phila. 18.   It was likewise held, where a customer found a purse on a shop floor, and the shopkeeper claimed it. Bridges v. Hawkesworth, 7 Eng. Law & Eq. 424.   And where a servant in a hotel found a roll of bank notes in the public parlor, and informed her master, who suggested that it belonged to a transient guest, and received the money from her to give to him, on being found not to belong to the guest, and the servant demanded it from the master, who refused to return it, the servant was al- lowed to recover.   Hamaker v. Blanchard, 90 Pa. St. 377.   In these cases it appears that the circumstances under which the property was found were held to indicate the articles had been accidentally and unconsciously dropped, and therefore lost.   But it is held that articles left by strangers or customers in a shop or other place of business, where it is probable they will return and claim them, and where the situation of the articles indicates that they were voluntarily placed where found, and inadvertently left or forgotten, are not considered as lost, within the rule stated; and the pro- prietor of the premises where the property is found is held to have the better right to hold the same for the owner.   Lawrence v. State, 1 Humph. 228; McAvoy v. Medina, 11 Allen, 548; Kincaid v. Eaton, 98 Mass. 139.

The question here is whether the money found by plaintiff was "lost property," in the legal sense of the term.   It has been held that in order to constitute legal losing the thing must have been actually lost by the owner, and not merely mislaid; that is, he must not voluntarily and purposely have laid it away in a certain place for a time, with the intention of retaking it, and then have forgotten where he had placed it; but it must have involuntarily and acciden- tally, as respects the owner, gotten out of his possession.   In the case

of McAvoy v. Medina, 11 Allen, 548, a customer found a pocketbook which was lying on a table in a barber shop, and gave it to the barber to advertise for the owner. The owner never appeared, and the barber refused to give it to the finder on his demand. The finder then brought an action against the barber to recover it. The court, in its opinion, said:

"But this property is not, under the circumstances, to be treated as lost property, in that sense in which a finder has a valid claim to hold the same until called for by the true owner. This property was voluntarily placed upon a table in the defendant's shop by a customer of his, who accidentally left the same there, and has never called for it. The plaintiff also came there as a customer, and first saw the same and took it from the table. The plaintiff did not by this acquire the right to take the property from the shop, but it was rather the duty of the defendant, when the fact became known to him, to use reasonable care for the safe-keeping of the same until the owner should call for it."

The opinion cites the cases of Bridges v. Hawkesworth, and Lawrence v. State, and, referring to the latter, says:

"The court there take a distinction between the case of property thus placed by the owner, and neglected to be removed, and property lost. It was there held that 'to place a pocketbook upon the table and to forget to take it away, is not to lose it, in the sense in which the authorities referred to speak of lost property.' We accept this as the better rule, and especially as one better adapted to secure the rights of the true owner."

In Kincaid v. Eaton, 98 Mass. 139, a pocketbook was found within a banking house on a desk provided for the use of customers, (as in the case under consideration,) and it was held that the discovery of the pocketbook, voluntarily placed on the desk in the bank, was not the finding of lost property. In People v. McGarren, 17 Wend. 460, where a man placed his whip on the counter in a store, and went away, forgetting to take it, the court held the whip was not lost property, and the taking and concealing of it by the storekeeper was held larceny. While the place of finding is held immaterial, if the property be actually lost, yet it is of importance as bearing on the question whether the property was really lost, or merely left In the cases last cited, where the money or property was found on the table of a barber shop, on the desk of the banking house, on the counter of a store, the property was not considered lost, on the ground that the place where it was found indicated that the owner had put it there purposely and voluntarily. Therefore it was not lost, and could not be found, in the legal sense. As to the roll of bills in question found by plaintiff on the banking-house desk, (one at which persons stand to write,) what, in the absence of any direct proof, are we to conclude, as an inference of fact, from the situation of the money when discovered by him? Is not the inference stronger and more reasonable than any other that it was consciously and voluntarily placed there by the owner, while temporarily engaged, writing or otherwise, at the desk, and then inadvertently or thoughtlessly left? Does not the fact that the money was discovered on the desk, and not on the floor, indicate that it had been voluntarily placed there, with the intention of retaking it, rather than that it had unconsciously and accidentally fallen from

the person of the owner? If it had been found on the floor, as in the cases referred to, where a customer found a purse on the shop floor, and where the servant in the hotel found a roll of bank notes on the floor of the public parlor, that fact would lead to the conclusion that it had been involuntarily dropped by the owner, and hence lost. Articles found in the street or highway, or other like public place, may be presumed to be lost, because their situation would indicate that the owners had involuntarily parted with the possession, or abandoned them; and, even when articles are so found, the finder must act innocently, and with entire good faith and honesty towards the owner. If, at the time of finding, he knows the owner of the lost property, or has the means of ascertaining him, or reasonably believes that he can be found, and, with felonious intent, converts the property to his own use, he is guilty of larceny. Plaintiff acted honestly and honorably in handing over the money to the defendant, and no doubt supposed that some customer of the bank had left it where he discovered it; and for that reason he delivered it to defendant, who was there as an officer of the bank, and to whom the owner would probably apply upon missing his property. If the property was not lost, plaintiff acquired no right thereto as finder, and the interests of the owners of property thus left will be best secured by adherence to the rule suggested as to the owner of the premises holding the property for the owner who may call therefor. The authorities referred to cannot be ignored, and, in view of the reasonableness of the rule that articles thus voluntarily placed in a store, office, shop, or other similar place, and forgotten by the owner, are left, not lost, and that the proprietor of the premises may hold them for the owner, thus the better protecting the owner or loser, we must hold that plaintiff has not established a legal right to the money in question. Judgment for defendant.