MILLER R. FOULKE, Appellant, *v.* NEW YORK CONSOLIDATED RAILROAD COMPANY, Respondent.

Lost, or abandoned, property — bailment — railroads — railroad company entitled as bailee to possession of property left on railroad train by passenger — false imprisonment — malicious prosecution — arrest of person who took package left on train and refused to give it to railroad officials — when such arrest justified and not basis for action for false imprisonment and malicious prosecution.

1. The abandonment of property is the relinquishment of all title, possession or claim to or of it — a virtual intentional throwing away of it. It is not presumed. Proof supporting it must be direct or affirmative or reasonably beget the exclusive inference of the throwing away. Distinction between " lost," " abandoned " and " mislaid " property considered.

2. Bailment does not necessarily and always, though generally, depend upon a contractual relation. It is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether such possession is based on contract in the ordinary sense or not. Where a passenger on a railway train alighted therefrom leaving a package on the seat which he had occupied, it was the right and duty of the railroad company to possess the package and use the care of a

gratuitous bailee for the safekeeping of the package until the owner should call for it. As to everybody except the true owner of the package the railroad company had the right of the owner to have and defend its custody and direct possession.

3. Where plaintiff, a passenger upon a railway train of the defendant, found a package left in a seat by another passenger, who had alighted from the train, and refused to give it to a general trainmaster of defendant upon his demand for its possession, and a police officer being called, the plaintiff voluntarily accompanied the officer to the police station where defendant's trainmaster made the charge that the plaintiff found the package on the train of the defendant and refused to surrender it to officials of the defendant company and where, after being held under bail, plaintiff was subsequently discharged, he cannot maintain an action against defendant to recover damages for false imprisonment or malicious prosecution.

*Foulke* v. *N. Y. Consolidated R. R. Co.* 180 App. Div. 848, affirmed.

(Argued February 25, 1920; decided March 19, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 2, 1918, unanimously affirming a judgment in favor of defendant entered upon the dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George P. Foulk* for appellant. The evidence established that the plaintiff had been illegally arrested and imprisoned and the burden of proof was upon the defendant to show that the arrest was justified. (*Smith* v. *N. Y., etc., League,* 121 App. Div. 600; *Snead* v. *Bonnoil,* 166 N. Y. 325; *Mandeville* v. *Guernsey,* 51 Barb. 99; *Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Parke* v. *Fellman,* 145 App. Div. 836; *Scott* v. *Dennett S. C. Co.,* 51 App. Div. 326.) The cause of action for malicious prosecution was improperly dismissed by the trial court. A criminal prosecution was instituted and carried on against the plaintiff without legal authority or justification, and it cannot be said as matter of law that there

was probable cause for the prosecution. (*N. Y. Ry. Co.* v. *Haws,* 56 N. Y. 178; *People* v. *Anderson,* 14 Johns. 295; *Rex* v. *Dixon,* 7 Cox Ch. 35; *Hazzard* v. *Flury,* 120 N. Y. 223; *L. I. B. Union* v. *Seitz,* 180 N. Y. 243; *Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Tyson* v. *Bauland Co.,* 186 N. Y. 397; *Rawson* v. *Leggett,* 184 N. Y. 504.) The defendant did not have a special property in the article left on its car, nor was it liable to the owner for its loss. (2 Parsons on Cont. 96; *Tower* v. *Utica Ry. Co.,* 7 Hill, 47; *Weeks* v. *N. Y., N. H. & H. R. R. Co.,* 9 Hun, 671.)

*Harold L. Warner* and *George D. Yeomans* for respondent. The complaint was properly dismissed as to the cause of action for false imprisonment. (*Hopkins* v. *Crowe,* 7 Car. & P. 373; *Newman* v. *N. Y., L. E. & W. R. R. Co.,* 54 Hun, 335; *Hyatt* v. *N. Y. C. & H. R. R. R. Co.,* 162 App. Div. 367; *Lubliner* v. *Tiffany & Co.,* 54 App. Div. 326.) The complaint was properly dismissed as to the cause of action for malicious prosecution. (*Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Kutner* v. *Fargo,* 34 App. Div. 317; *Rawson* v. *Leggett,* 184 N. Y. 504; *Burt* v. *Smith,* 181 N. Y. 1; *Willard* v. *Holmes, Booth & Haydens,* 142 N. Y. 497; *Freer* v. *Schmitt,* 116 App. Div. 462; *Clark* v. *Palmer,* 116 App. Div. 117; *People* v. *McGarren,* 17 Wend. 460; *Loucks* v. *Gallogly,* 1 Misc. Rep. 22; *McAvoy* v. *Medina,* 11 Allen, 548; *Kincaid* v. *Eaton,* 98 Miss. 139; *Smith* v. *B. & F. Foundry Co.,* 127 App. Div. 278.)

Collin, J. The complaint alleges two causes of action to recover damages for (a) false imprisonment and (b) a malicious prosecution, arising out of the same transactions. The trial justice dismissed the complaint and the Appellate Division unanimously affirmed the consequent judgment. We are to determine whether or not the evidence presented an issue of fact; in reviewing it

we must give the plaintiff the advantage of all the facts properly presented and of every favorable inference that can reasonably be drawn.

The cardinal facts, as the jury might have found them, are: In July, 1915, the defendant was operating a subway railway. The plaintiff while a passenger on the railway saw a package on a seat opposite him left by a passenger who had alighted. He went to and picked up the package. He examined it and found no name or mark upon it. He had not an idea as to who owned it. He disembarked at the first subsequent station stop of the train, taking the package with him. He was about ten feet from the car when a railway guard in whose charge the car was touched him on the shoulder and said, " What are you going to do with that package?" to which he replied, " I am going to keep this and advertise for the owner." Forthwith the general trainmaster of the defendant, Mr. Blewitt, asked the same question, to which he replied, " What authority have you?" and Blewitt stated: "I am the superintendent of this line." The plaintiff then said: " I guess that is immaterial. I am going to keep this package and advertise for the owner. I will give you my name and address." Blewitt said: " No, I don't want anything like that, either turn the package over to the railroad company or I will have you arrested." The plaintiff replied: " If you have made up your mind to do that I will go with you to an officer." Thereupon Blewitt started toward and went through the waiting room of the station followed by the plaintiff at some little distance behind him. Blewitt reached and spoke to a police officer and returned with the officer to the plaintiff and then told the officer, " This man found a package on the train and refuses to turn it over to the company." After a brief conversation, the plaintiff, the officer and Blewitt went to the police station where Blewitt made the charge or complaint that the plaintiff found the package on the train of the defendant and

refused to surrender same to officials of the railroad company. The police captain in charge of the station then held the plaintiff in five hundred dollars bail and he was put and remained in a cell until the bail was furnished. In the meantime the package had been opened and found to contain a loaf of bread. The next morning the plaintiff appeared in the Magistrate's Court. Blewitt then and there verified a written complaint which stated that the plaintiff " with intent to deprive the true owner of his property in the view and presence of complainant, did wilfully steal, take and carry away from a car of the Sea Beach Line, a parcel containing a loaf of bread of the value of about five cents, the property of a passenger who had left said car at 59th street station and had left said parcel behind him. Wherefore, deponent charges said defendant with the crime of petit larceny." · The plaintiff was held to answer in bail for the Court of Special Sessions. In the Court of Special Sessions the plaintiff was tried and acquitted. Thereupon this action was brought.

The evidence did not permit the jury to find that the package was abandoned. The abandonment of property is the relinquishing of all title, possession or claim to or of it — a virtual intentional throwing away of it. It is not presumed. Proof supporting it must be direct or affirmative or reasonably beget the exclusive inference of the throwing away. Abandoned property is owned by him who takes it into his ownership. (*Eads* v. *Brazelton,* 22 Ark. 499; *Livermore* v. *White,* 74 Me. 452; *Kuykendall* v. *Fisher,* 61 W. Va. 87.)

The package was not " lost property." It was " mislaid property " or " left property." In *Lawrence* v. *State* (1 Humphreys [Tenn.], 228) is this declaration: " To lose is not to place or put anything carefully and voluntarily in the place you intend and then forget it, it is casually and involuntarily to part from the possession;

and the thing is then usually found in a place or under circumstances to prove to the finder that the owner's will was not employed in placing it there.    To place a pocket-book, therefore, upon a table, and to omit or forget to take it away, is not to lose it in the sense in which the authorities referred to speak of lost property." Other cases we will cite declare the same doctrine.    In several cases which are not cited it is recognized, though the facts did not permit its application, as in *Bowen* v. *Sullivan* (62 Ind. 281, 287).    We hold it is well founded and sound.

While the presumptive owner of the package in question was in the car with it and it was in his possession, the defendant had a certain responsibility concerning it.    The defendant was obligated to use reasonable and ordinary care and watchfulness to protect the possession of the owner as against the plaintiff and other passengers or persons.    The guards and conductor of the train or car could not stand by idly or negligently and see the plaintiff or other person take it from the car or from the owner. (*Sperry* v. *Consolidated Ry. Co.*, 79 Conn. 565; *Carpenter* v. *N. Y., N. H. & H. R. R. Co.*, 124 N. Y. 53; *Whicher* v. *Boston & Albany R. R. Co.*, 176 Mass. 275.)

After the passenger owner had left the car, forgetting to take the package with him, the plaintiff knew the package was not lost property.    It or the custody of it did not belong to him then any more than it did while its owner was in the car.    He saw and knew the owner had forgotten it, had left it by mistake.    It then had become in the custody and the potential actual possession of the defendant. It was the right of the defendant and its duty to become as to it and its owner a gratuitous bailee.    It was its right and duty to possess and use the care of a gratuitous bailee for the safekeeping of the package until the owner should call for it. (*Regina* v. *Pierce*, 6 Cox Cr. Law Cases, 117; *State* v. *Courtsol*, 89 Conn. 564; *Regina* v. *West*, 6 Cox Cr. Law Cases, 415; *Kincaid* v. *Eaton*, 98 Mass. 139; *McAvoy* v. *Medina*, 11 Allen, 548; *Foster* v.

*Fidelity Safe Deposit Co.*, 264 Mo. 89; *Hoagland* v. *F. P. H. Amusement Co.*, 170 Mo. 335; *Ferguson* v. *Ray*, 44 Oreg. 557; *Hamaker* v. *Blanchard*, 90 Penn. St. 377; *Deaderick* v. *Oulds*, 86 Tenn. 14; *Griggs* v. *State*, 58 Ala. 425; *Regina* v. *Moore*, 8 Cox Cr. Law Cases, 416; *People* v. *M'Garren*, 17 Wend. 460; *State* v. *McCann*, 19 Mo. 249.)

In case the plaintiff had, through the inattention or non-interference of the defendant, with the honest intention of endeavoring to deliver it to the owner, carried the package away, he would have been a mere custodian of it for the owner. The right of the defendant to the custody and actual possession of the package was superior and paramount to the taking of the plaintiff.

The package having been left, though inadvertently, in the car of the defendant, while the owner was still constructively in possession of it, the defendant had the right to and did assert in it the special or actual possession of a gratuitous bailee. Bailment does not necessarily and always, though generally, depend upon a contractual relation. It is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether such possession is based on contract in the ordinary sense or not. (*Phelps* v. *People*, 72 N. Y. 334, 357; *Burns* v. *State*, 145 Wis. 373.) As to everybody except the true owner of the package the defendant had the right of the owner to have and defend its custody and direct possession. (*Phelps* v. *People*, 72 N. Y. 334, 357; *Osgoodby* v. *Liemberner*, 22 Alb. L. J. 114, and cases above cited.)

The facts were sufficient to constitute a legal ground for an accusation of petit larceny against the plaintiff. The superior and paramount right of the defendant to the direct possession of the package — indeed its absolute right as to all except the owner — its physical possession of the package through the fact it was in its car, and its asserted claim of possession; the taking by the plaintiff; his refusal to surrender; his felonious intent to deprive

the true owner of it, as a jury or trial court might find, constituted lawful grounds for an accusation, arrest and prosecution. It is sufficient if the package was taken from the possession of the defendant by the plaintiff with the intent of depriving the true owner thereof. Whether or not the felonious intent existed was a question of fact to be determined upon the trial of the accusation. (Penal Law, secs. 1290, 1294, 1296, 1298; *State* v. *Tillett*, 173 Ind. 133; *State* v. *South*, 28 N. J. L. 28.)

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN and ANDREWS, JJ., concur; HOGAN and ELKUS, JJ., dissent.

Judgment affirmed.