NATHAN ROLNICK, Appellant, *v.* BORDEN'S FARM PRODUCTS CO., INC., and Another, Respondents.

First Department, October 30, 1925.

**False imprisonment and malicious prosecution — defendant cashier was robbed — said cashier directed officer to hold plaintiff — plaintiff was discharged on hearing — arrest was made on strength of license number alleged to have been on robbers' automobile — evidence sufficient to go to jury on question of corporation defendant's liability for acts of cashier — evidence required submission to jury of question of want of probable cause.**

In an action to recover damages for false imprisonment and malicious prosecution, in which it appears that the plaintiff was arrested on a charge of robbing defendant's cashier and that the cashier directed the police officers to hold the plaintiff for prosecution, and in which it was practically conceded that the acts of the cashier were binding upon the defendant, the evidence, including the concession, was sufficient to justify the submission to the jury of the question whether or not the corporation defendant was bound by the acts of its cashier.

The question of the want of probable cause should have been submitted to the jury, since the evidence tends to show that the arrest was made on information given by a third person as to the number on the license plate of the robbers' automobile, that the cashier saw two of the men who committed the robbery and admitted that neither was the plaintiff, that the person who furnished the automobile license number did not observe the letter preceding the number, and that no attempt was made to ascertain the truth of plaintiff's assertion that he was a responsible business man.

It was also a question for the jury whether the arrest and detention were not instigated by the defendants or, at least, whether they did not ratify the arrest

and order the detention, since it appears that the arrest was made on the representation by the cashier that the robbers' automobile bore a certain number and that after the plaintiff had been arrested the police were directed to lock him up and were told by the cashier that he would press the charge against the plaintiff.

APPEAL by the plaintiff, Nathan Rolnick, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 25th day of May, 1923, upon the dismissal of the complaint at the close of the entire case, as amended *nunc pro tunc* as of the 25th day of May, 1923, by an order entered in said clerk's office on the 4th day of June, 1923.

*I. Maurice Wormser* [*Samuel Ecker* with him on the brief], for the appellant.

*Walter Engels* [*John A. Kelly* of counsel], for the respondents.

FINCH, J.:

The complaint sets forth two causes of action, namely, one for false arrest and imprisonment, and the other for malicious prosecution. At the close of the entire case the complaint was dismissed as to both causes of action, without any intimation in the record as to the grounds on which the result was reached. The point chiefly urged upon this appeal is that the plaintiff sustained the burden of proof that there was a want of probable cause for the action of Fowler, a cashier of the defendant Borden's Farm Products Co., Inc., sufficient to create an issue which should have been submitted to the jury.

The facts, in so far as necessary to present the point to be decided, are, briefly, as follows: One Fowler, a cashier at one of the branches of the defendant Borden's Farm Products Co., Inc., had been held up and robbed of some $10,000, at the point of a pistol, by two men, who escaped in a Ford car driven by a third man. An employee of a grocery store in the neighborhood, one Stahl, had seen the car go by, and wrote on a paper bag what he thought was the number of the car in which the robbers were escaping. This bag he delivered to Fowler with the above information. The police apprehended the plaintiff as the owner of the car whose number Stahl presumably had taken down, and brought the plaintiff before Fowler. In response to the inquiry of the police officer as to what should be done, Fowler said: " Go ahead, lock him up. I will press the charge against him." The plaintiff was thereupon taken to the police station, questioned at length, placed in a cell and finger-printed. On the following day, the 21st of July, 1920, plaintiff was released on bail. On the 23d day

of July, 1920, at the Magistrate's Court, Fowler signed a complaint charging the plaintiff with the crime, which complaint he testified he did not read. From the plaintiff's testimony it appears that the following took place at the Magistrate's Court prior to the signing of the complaint: " Q. What was said? A. I went over to Mr. Fowler. ' Mr. Fowler,' I said, ' you know I am in the real estate business. I was not the man that held you up or drove the machine or anything. Mr. Fowler, you know I was not the man. What use if you sign a complaint? I am going to hold you responsible, you and your people, Borden's people.' He said: ' I have been instructed by the manager of the company to sign the complaint. They got plenty of proof that you are the man.' "

When the case came on for hearing, the plaintiff was discharged, and it is conceded that the plaintiff was innocent of the crime. It also is practically conceded that the acts of Fowler are binding upon the company. But even if it should be held that there is not an absolute concession so as to bind the corporation, there is sufficient evidence in the case to create an issue of fact as to whether or not the corporate defendant was bound by the acts of its agent Fowler. For the reasons following there also were sufficient facts shown to create an issue as to whether or not there was probable cause for the prosecution of the plaintiff. Since the complaint was dismissed, the appellant is entitled to have every controverted fact determined in his favor and to have the most favorable inferences drawn therefrom. (*Foulke* v. *N. Y. Consol. R. R. Co.,* 228 N. Y. 269; *McNally* v. *Phœnix Ins. Co.,* 137 id. 389.)

In the case last above cited it was said: " In reviewing a judgment upon a non-suit the plaintiffs are entitled to the benefit of every fact that the jury could have found from the evidence given, and to every legitimate inference that is warranted by the proofs. This disposition of a cause by the trial court is never warranted unless it appears that the plaintiff is not entitled to recover, after giving him the benefit of the most favorable view that a jury would be warranted in taking of the evidence. The plaintiffs' theory with respect to the facts, so far as they are supported by evidence, must be deemed to be established, and where inferences are to be drawn from facts and circumstances, not in themselves certain or incontrovertible, it is generally for the jury and not the court."

It appears from Fowler's testimony that of the two men who held him up, he saw one of them, and that it was not the plaintiff. While on his direct examination he testified that he did not see the driver of the car, on his cross-examination he admitted that he did see him, and that it was not the plaintiff. It thus appears that the only information on which Fowler relied in directing

that the plaintiff be locked up and in filing a complaint against him, was the number which Stahl had furnished as aforesaid. In this connection it does not appear that Stahl observed any letters preceding the number or noted any such letters on the paper bag, and the bag itself was not produced on the trial. It further appears that Fowler only had a casual acquaintance with Stahl, upon the accuracy of whose observation he placed such reliance, and it does not appear that any measures were taken to ascertain the truth of the plaintiff's assertion that he was a reputable business man, established in the community, and had had nothing to do with the matter. These facts and the inferences to be deduced therefrom all create an issue for the jury as to whether or not there was probable cause. The law is well settled that in only one instance is this question of want of probable cause a question for the court rather than for the jury, namely, where all of the facts are undisputed and but one inference can be drawn therefrom by reasonable men. As was said by ANDREWS, J., in *Burns v. Wilkinson* (228 N. Y. 113, 117, 118): " It is quite true that if the facts are undisputed and permit of no divergent inferences the question of probable cause is for the court. But is that the case before us? It was late at night. His car was run into the street. The defendant had given Burns no permission to use it. Had nothing else appeared he might well have had probable cause for the arrest and prosecution. But in view of the other facts which we have recited, it is clearly for the jury to decide, whether ' a discreet and prudent person would have been led to the belief that the accused had committed the crime of which he was charged.' "

So in the case at bar it cannot fairly be said that the only inference to be drawn from the facts most favorable to the plaintiff appearing from the testimony is that there was probable cause for the prosecution of the plaintiff.

In so far as the first cause of action is concerned, the fact that the police obtained from Fowler the number of a car represented to be the car which was used in connection with the robbery, the further fact that upon this information the plaintiff was apprehended and brought within the presence of Fowler, coupled with the fact that Fowler, in response to the inquiry of the police as to what should be done, said: " Go ahead, lock him up. I will press the charge against him," present a question of fact for the jury as to whether the arrest and detention were not instigated by the defendants, or at least whether they did not ratify the arrest and order the detention. Even though a plaintiff was not arrested by the defendant's order, the arrest is ratified, and constitutes a technical false imprisonment, where the defendant afterwards orders the

officer to detain the plaintiff. (*Callahan* v. *Searles*, 78 Hun, 238.) Whether or not the police would have held the plaintiff for examination if the defendants had not so requested, does not appear, and as noted, the inferences most favorable to the plaintiff that may be drawn from the facts in issue are to be taken.

It follows that the judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, McAVOY and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.