Dore, J.
Plaintiff, lessee of a deposit box in defendant’s safe deposit vault, found on the floor of a booth or compartment in the vault a package containing United States currency. On an agreed statement of facts in a submission of controversy under sections 546-548 of the Civil Practice Act, the issue is whether plaintiff, as finder, or defendant, as owner of the vault is entitled to possession of the package as against all but the true owner.
Plaintiff claims possession as the finder of lost property. Defendant denies that the package was in a legal sense lost and claims possession as owner of the vault and agent for its cus *429 tomers. No proof is available as to how the package came to be on the floor of the booth. Access to the vault is controlled and limited to defendant’s employees and lessees of the safe deposit boxes.
The English as well as the American courts distinguish between things lost and things mislaid. (Cf. 9 A. L. R. 1388 et seq.) Our Court of Appeals has held the distinction “ well-founded and sound ” (Foulke v. N. Y. Consolidated R. R. Co., 228 N. Y. 269, 274).
Property is lost in a legal sense when its owner parts with possession unwittingly and involuntarily through negligence or inadvertence, e. g., when the owner accidentally and unintentionally leaves property in a public place. Property is said to be mislaid in a legal sense when the owner has voluntarily and intentionally placed it where he can resort to it and then forgets, e. g., where the owner voluntarily places property on a desk or a table in a place of business and then forgets where he laid it. (Cf. 25 C. J., Finding Lost Property, § 1; 34 Am. Jur., Lost Property, §§ 1-3.)
In Loucks v. Gallogly (1 Misc. 22), it was held that one who finds banknotes lying on a desk used by customers of a bank is not entitled to the notes as against the bank. Only two reported cases in other States dealing specifically with the rights of a finder of property in a booth of a safe deposit company have been called to our attention. (Foster v. Safe Deposit Co., 264 Co. 89; Silcott v. Louisville Trust Company, 205 Ky. 234.)
In the Foster case (supra) an envelope containing money was found by the plaintiff on a desk in a booth located within a safe deposit vault maintained by the defendant Fidelity Safe Deposit Co. The Supreme Court of Missouri held that the defendant safe deposit company was lawful custodian of the money for the benefit of the true owner. The court said (p. 103): “ This is the fair, natural and logical inference afforded by the admitted facts and testimony in this case, and demonstrates that the money left was legally as much in the possession of the defendant thereafter as it was before being removed from the safe deposit box. Hence, the plaintiff only did his duty when he placed it in the actual possession of defendant. The attitude of the defendant is therefore that of a lawful custodian of the money for the benefit of the true owner. This trust it cannot repudiate, and it should exercise due care to discover the real owner and deliver the property to him.” (Italics supplied.)
In the Silcott case (supra) the plaintiff found a bond upon the floor of a booth located within a safe deposit vault maintained and operated by the defendant trust company. The Court of Appeals of Kentucky held that the trust company was entitled to *430 possession and custody as against the finder and said (Pp. 237-239) : “ The rule is that when a chattel is discovered at such a place, and under such circumstances as indicate the owner has involuntarily, or accidentally, parted with its custody, the finder has the right of custody against all others except the owner, and especially where the chattel is found at a public place such as a hotel, a bank, or business house where the public generally is invited and expected to be; in such circumstances the proprietor of the premises occupies no relationship of agent or fiduciary toward the owner, and the right of custody of the finder is therefore superior to his. But here the bond was found in a private room of the safety vault department of a trust company — a room to which there was admitted only a limited class of persons, that is, such persons as were patrons of that department and had boxes in the safety vault. * * * There seems to us no escape from the conclusion that whether the bond was discovered on the desk or on the floor it was in law at the time in the custody of the trust company whose duty it was to retain that custody for the benefit of its customer, although that customer be unknown.”
On the agreed facts before us we hold defendant and not plaintiff is entitled to possession of the package containing the currency. Cases relating to the loss of property in a public place such as a street or roadway or the floor of premises open generally to the public are not here controlling. This package of currency was not found in a public place but in a booth or compartment located within a safe deposit vault, access to which was denied to the public generally and limited to customers of the safe deposit company and its employees. The package remained in the custody of the deposit company as representative or agent of the owner, and such company owed a duty to the true owner and is the lawful custodian of the package for his benefit.”
Judgment should be entered, without costs in defendant’s favor, decreeing that defendant is .entitled to possession as against all but the true owner.
Martin, P. J., Townley, Glennon and Cohn, JJ., concur.
Judgment unanimously directed for defendant without costs, decreeing that defendant is entitled to possession as against all but the true owner. Settle order on notice. [See 272 App. Div. 765.]