Maurice Wahl, J.
On September 12, 1957, the plaintiff was operating a taxicab in the City of New York. He testified that on that day, after discharging a passenger from his cab, he complied with section 436-2.0 of the Administrative Code by searching the interior of the vehicle for any article left or lost, but he did not see anything. Shortly thereafter a woman passenger entered the cab, picked up a link-chain bracelet from the *318 rear of plaintiff’s cab and delivered the bracelet immediately to the plaintiff with the observation that the plaintiff should take possession of this jewelry and disclaimed any rights thereto, and refused to give her name. The plaintiff on the same day delivered the bracelet to the proper police precinct in New York City pursuant to the requirements of section 435-4.1 of the Administrative Code of the City of New York. At the end of the three-month waiting period prescribed in the aforesaid section, he demanded the return of the bracelet to him since the true owner had not appeared in the prescribed time. However, the City of New York, through the Property Clerk of its Police Department, refused to comply with the demand.
Thus the narrow question is: Was this plaintiff entitled to the bracelet within the meaning of the law? The defendant contends that the plaintiff must be the actual finder.
The law in effect at the time of this transaction was section 435-4.0 and section 435-4.1 of the Administrative Code of the City of New York.
Section 435 — 4.0 of the Administrative Code of the City of New York provided as follows:
“ All property or money which is lost or abandoned * * * shall be given, as soon as practicable, into the custody of and kept by the property clerk. (Subd. b.)
# * #
‘ ‘ In any action or proceeding against the property clerk for or on account of any property or money in his custody, a claimant from whose possession such property or money was taken or obtained, or any other claimant, shall establish that he has a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner. In any such action or proceeding, a claimant who derives his title or right by assignment, transfer or otherwise from or through the person from whose possession such property or money was taken or obtained, shall further establish that such person had a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner.” (Subd. f.)
Section 435-4.1 of the Administrative Code of the City of New York provided as follows: “ (a) Any person who finds any lost money or property of or exceeding the sum of ten dollars shall report such finding to and deposit such money or property in a police station house within ten days after the finding thereof. *319 Such money or property shall thereupon be transmitted to the property clerk * * *. Such money or property as shall remain in the custody of the property clerk for a period of three months without a lawful claimant entitled thereto shall be turned over to the person who found and deposited the same.”
As this event occurred in 1957, it is governed by the provisions of the Administrative Code; however, nota bene, article 7-B of the Personal Property Law, effective September 1, 1958. The new statutes cast some light on what the Legislature had in mind when providing for a finder. The Administrative Code does not define the term; whereas section 251 of the Personal Property Law, defines “ finder ”. As there defined, the court is of the opinion that plaintiff first took possession for the purposes of depositing the lost property. Section 252 provides that either a finder or possessor of lost property shall deposit it. Subdivision 4 of section 256 of the Personal Property Law further fortifies the contention by the plaintiff that he is the finder. The Administrative Code contains no definitions. Prior to the 1943 amendment, deposit of lost property was not required, only reporting thereof was necessary (Garramone v. Simmons, 177 Misc. 330). Section 1300 of the Penal Law relates to return of such lost property to the true owner.
The general rule is that the finder is the “ owner ” thereof as against everyone except the loser or true owner (Loucks v. Gallogly, 1 Misc. 22).
If the woman discovering the property in the cab is deemed to be a finder, she would, under the common-law rule and under the rule set forth in the Administrative Code, have good title thereto as against the entire world except for the true owner of the property. Her title to this property can, as any other property right, be disposed of by gift or assignment. A fair interpretation of the evidence given at the trial indicates that this woman delivered the property to the plaintiff with the intention to part with all property right in the chattel. Hence it may be argued that the plaintiff, as such assignee to the property right, would then have the right to demand the delivery of the chattel to bim after the waiting period provided for in the Administrative Code. The last sentence of subdivision f of section 435-4.0, cited above, clearly recognizes that an assignee of the lost property has a right to claim the property from the Property Clerk of the Police Department of the City of New York.
The court holds that the plaintiff clearly established his right to the property either as assignee of the person who discovered the property or who, under the facts herein, found the property. *320 This conclusion is strengthened by a careful perusal of the present statute. Under section 254 of the Personal Property Law as it now exists, plaintiff would be the finder, or one who is entitled to assert the right of the finder.
Judgment for the plaintiff.