Norman Shapiro,
Police Justice. The above four related cases come before this court under a local law of the Village of May-brook entitled “ A Local Law Relating to Outdoor Storage of Abandoned, Junked, Discarded and Unlicensed Motor Vehicles.” The said local law consists of six sections; section 1 entitled *652 “Purposes In View ” being a preamble; section 2 providing that within the village limits no land owner or user of land shall “ store or deposit or cause or permit to be stored or deposited an abandoned, junked, discarded and unlicensed motor vehicle * * * upon any private land, upon the surface of such land; ’ ’ section 3 provides for written notice of a violation of section 2 by the Village Clerk to the “ owner occupant or person having charge of such land to comply with the provisions of this local law ’ ’ the notice is to require removal of the motor vehicle within five days, or the village “ acting through its duly authorized agents, servants, officers and employees, will enter upon your land and remove and cause the same to be destroyed. The expense incurred by the village will be assessed against the above described land, and shall constitute a lien thereon ”; — section 4, entitled “ Penalty ” provides that a neglect or refusal to remove a motor vehicle as directed by the local law, or failure or refusal to comply with the provisions of the notice, ‘‘ or who shall resist or 'Obstruct the duly authorized agents * * * in the removal and destruction thereof, shall be, upon conviction thereof * * * fined a sum of not exceeding $100.00 for each violation thereof,” and that a “violation thereof shall constitute disorderly conduct”; — section 5 provides that the invalidity of any portion of the local law shall not invalidate the rest of the law; — section 6 provides for the time and manner of taking effect.
This local law establishes no condition prerequisite to the Village Clerks’ sending the notice; no provision of any kind is made for entry upon land, or the removal and destruction of the motor vehicle, either as to authority, responsibility, time, place, manner of doing, and record of property taken; or for any deposition, complaint, information, hearing (ex parte or adversary), warrant, writ, or determination prior to the entry upon land and removal and destruction of the motor vehicle.
The Johnston, No. 1, and Gurms cases involve a violation of the local law by willfully storing " abandoned, junked, discarded and unlicensed ” motor vehicles in violation of the local law and after notice. The Johnston, No. 2, and Coburn cases involve violation of the local law by “ resisting and obstructing ” village agents in removing such vehicles.
A motion has been made by the attorney for all of the defendants to dismiss the respective informations ,on the law. Various grounds are urged, including factual questions, which cannot be considered at this stage of the proceedings.
The local law relates to abandoned, junked, discarded and unlicensed motor vehicles, these terms are conjunctive, cumula *653 tive and not alternative. The informations in Johnston No. 1, and G-arms following the language of the local law, charge a willful storing of motor vehicles which are abandoned. The law of abandoned personal property is well settled; willfully storing on one’s property negates abandonment; abandonment is the relinquishment of all title, possession and claim, the intentional throwing away of property (Foulke v. New York Consolidated R. R. Co., 228 N. Y. 269); as of personal property openly and voluntarily discarded in a highway (Haslem v. Lockwood, 37 Conn. 500). These informations therefore contain a defense to the charges upon their face.
Further, section 4 of the local law is so confused in language as to be unenforcible.
With reference to the informations charging resisting and obstructing the village agents, the law is clear that one may resist the unlawful intrusion of public officers upon private property (People v. Field, 15 N. Y. S. 2d 561; People v. Pitcher, 9 A D 2d 1016; People v. Cherry, 307 N. Y. 308). The question arises whether the acts of the village agents in the circumstances were lawful or unlawful. The entry upon private property by a municipal officer, pursuant to an ordinance enforcible by criminal prosecution has been held unlawful (People v. Laverne, 14 N Y 2d 304) although entry for the purpose of administration correction of a hazard immediately dangerous to health and public safety is constitutionally valid (Frank v. Maryland, 359 U. S. 360). In the instant case, which is a criminal proceeding, there is no authority except by implication from the notice, for an entry upon private property against the desire of the occupant; and, the act of the village’s agent in removing property for destruction under the implication of the local law, is in violation of the defendants’ rights to be secure against unreasonable seizures, and a deprivation of property without due, or any, process of law. Even if the local law were specific in authorizing such acts, it may be doubted that such would be lawful without an adversary hearing before a court of competent jurisdiction (Quantity of Books v. Kansas, 375 U. S. 919). Accordingly the defendants were within their rights in resisting the unlawful action of the village.
In addition to the foregoing matters, the question has been raised as to a police court’s “ right ” to “ declare ” legislation ‘ ‘ unconstitutional, ’ ’ or to rule on legal and constitutional questions. The question is misstated, it should be asked: Has any judicial officer the right to act without jurisdiction in the enforcement of constitutionally invalid legislation. The answer becomes obvious. The informations are dismissed.