# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-50042

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Albert Ramos Ramirez, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CR-334-1

_____

Before Dennis, Elrod, and Ho, *Circuit Judges*.

Per Curiam:

The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (Fed. R. App. P. 35 and 5th Cir. R. 35), on the Court's own motion, rehearing en banc is DENIED.

In the en banc poll, seven judges voted in favor of rehearing (Chief Judge Richman and Judges Jones, Smith, Ho, Duncan, Oldham, and Wilson), and nine judges voted against rehearing (Judges Stewart, Elrod, Southwick, Haynes, Graves, Higginson, Willett, Engelhardt, and Douglas).

No. 22-50042

JERRY E. SMITH, *Circuit Judge*, dissenting from the denial of rehearing en banc:

The panel majority opinion is serious error, and this matter is easily enbancworthy. I respectfully dissent from the decision not to grant en banc rehearing.

The panel should have affirmed the conviction. There are at least two major flaws on the merits:

The first is the majority's errant conclusion that Ramirez did not abandon his jacket. A person abandons property when he tosses it into the trash or, as here, discards it onto a trash receptacle. That point is forcefully made in Judge Ho's cogent panel dissent, 67 F.4th 693, 700–02 (5th Cir. 2023), explaining in particular that "there's no Fourth Amendment protection for garbage left on private property in a manner reasonably accessible to the public," *id.* at 701.

I cannot improve on Judge Ho's concise explanation and therefore won't try to restate it. The panel majority mutilates existing law by failing to recognize that, as a suspect, Ramirez had no expectation of privacy once he had tossed his jacket over a fence onto a trash container in plain view of the apprehending officer. The district court correctly denied the motion to suppress.

But that's not the majority's only salient error. The majority was frustrated that Ramirez had no keys to his mother's house or gate and did not sleep there.[1] Desperate to establish Ramirez's expectation of privacy there,

---

[1] These are dispositive facts that the majority does not disclose. And the majority misleads the reader by saying that "there is no reason to think that Ramirez would not have retrieved the jacket *before going in for the night*." 67 F.4th at 698 (emphasis added). That implication—that Ramirez would grab the jacket and retire for the night at his mother's

the majority purposefully enlarges the definition of property by declaring a heretofore unheralded category that it calls "family property."[2]

Not content to recognize Ramirez's expectation of privacy just at his own house (a few blocks from his mother's), the majority makes the following ambitious holding: "Ramirez's placement of his jacket on family property 'excludes the very idea of abandonment.'" 67 F.4th at 699 (quoting *Livermore v. White*, 74 Me. 452, 455 (1883)). Remarkably, the only source the majority can claim for that bold pronouncement is a decision of another state's court rendered 140 years ago. One might think that Fourth Amendment jurisprudence has advanced appreciably since the presidency of Chester A. Arthur.

Nor does the majority cabin its embrace of the limitless notion of "family property." Does it include (as here) only one's parent? One's immediate family? Grandparents? In-laws? Aunts, uncles, and cousins? One's betrothed? A significant other? How about an intimate acquaintance? A former spouse? The majority does not say.

This uncalled-for holding will predictably be used to open Pandora's Box for miscreants who claim they never abandoned contraband because they left or discarded it on or at "family property," however defined. It is a new chapter in Fourth Amendment law, courtesy of the Fifth Circuit.

\* \* \* \* \*

Seemingly oblivious to the consequences of these holdings, the Attorney General did not bother to petition for en banc or even panel

---

house—is false. Ramirez lived elsewhere with his wife (who was estranged from his mother) and did not sleep—regularly or even occasionally—at his mother's house.

[2] The majority employs the word "mother" or "mother's" or "family property" approximately 21 times.

No. 22-50042

rehearing.  That is frustrating to this court where, as here, the panel opinion is seriously flawed.

It is no secret that the absence of a petition dissuades multiple judges from voting for rehearing even where they disagree with the result or the reasoning.  But even when the losing side is missing in action, judges are sometimes able to identify major flaws that undermine this court's jurisprudence.  Those judges request a *sua sponte* poll.  Most recently, that was successful in a different criminal appeal, *United States v. Campos-Ayala*, 70 F.4th 261 (5th Cir. June 7, 2023), *vacated for reh'g en banc*, 2023 U.S. App. LEXIS 23220 (5th Cir. Aug. 31, 2023).  We can only hope that, having declined to support its position in an en banc petition, the government will do so at the *sua sponte* en banc rehearing of that matter.

In the instant case, despite that a judge requested a poll, the court has narrowly voted against *sua sponte* en banc rehearing.  As the will of the majority, I respect that decision, which could be the sum of (1) judges who agree with the panel majority; (2) judges who aren't willing to bite the bullet where the government seemingly doesn't care; (3) judges who believe the case is not enbancworthy; (4) judges who place weight on the fact that Ramirez is nearing the end of his sentence; and (5) judges who note that the opinion is now unpublished.

\* \* \* \* \*

Let me dwell at some length on that last possibility.  On May 10, 2023, the majority opinion and dissent were issued as a published decision, and in due course the case was assigned a citation in F.4th, but for more than four months the mandate did not issue.[3]  Then the panel ordered that the opinion

---

[3] This delay caused considerable confusion.  The panel opinion had issued on May 10, but the mandate of this court had not.  The attorneys and the district court over-

be unpublished, and that unpublished decision—otherwise unchanged—was re-issued on September 12, while the en banc poll was still underway.

Highly consequential opinions should not be designated as unpublished[4] in an obvious effort to discourage judges from voting in favor of en banc rehearing. I complained of this at length in *Sambrano v. United Airlines, Inc.*, 45 F.4th 877, 886 (5th Cir. 2022) (Smith, J., dissenting from the denial of rehearing en banc), and won't enlarge on it now.

\* \* \* \* \*

The majority opinion is a serious misapplication of Fourth Amendment law. I respectfully dissent from the well-intentioned denial of rehearing en banc.

---

looked the latter. Unbeknownst to this court, in late June the attorneys, by agreement and thinking the case was over, had moved, in the district court, for judgment of dismissal of the indictment and Ramirez's release from custody. The district court complied. Once this court became aware of that, it, on August 1, directed the attorneys to explain, suggesting that the district court was without jurisdiction in the absence of a mandate. The attorneys and court conscientiously agreed to withdrawal of the orders.

That misstep was forgivable. Especially where no petition for rehearing has been filed, the attorneys and the public have no way of knowing why a case is lingering or whether the absence of a mandate is intentional or a clerical oversight. A judge may place an internal, confidential hold on the mandate (which is never shown on the public docket), either with or without a rehearing petition. A matter can linger in seeming inaction for weeks or months until the court resolves it either by an en banc poll or the judge's withdrawal of his or her hold on the mandate. This is all a reflection of the fact that this court takes its work seriously and carefully scrutinizes panel opinions, irrespective of whether the losing side seeks rehearing.

[4] The decision whether to publish matters because, per Fifth Circuit Rule 47.5.4, unpublished opinions are not precedent that binds the district courts and Fifth Circuit panels. By designating an opinion as unpublished, a panel can declare the winner it prefers without necessarily soiling the jurisprudence for future cases.