Hamilton, J.
The plaintiff in error, Albert Hauser, was indicted in Hamilton county for murder in the first degree for killing his wife. Upon trial of the case he was convicted of murder in the first degree, with recommendation of mercy, on which verdict judgment of life imprisonment was imposed by the trial court, and, from this judgment, proceeding in error is prosecuted to this court.
The specifications of error are: The verdict was against the weight of the evidence; insufficient evidence; the giving of special charges requested by the state; error in the admission of certain evidence; and misconduct of counsel for the state.
The first question which we will consider is raised by special charge No. 3, requested by the *263 state, and given by the trial court, which charge is as follows:
“I charge you that the law presumes every man to be sane until the contrary is shown by sufficient evidence, and the law presumes further that a man possesses a sufficient degree of reason to be responsible for his ¡.crimes until the contrary is shown. Such proof in support of insanity must be affirmatively established by positive or circumstantial evidence which must satisfy you that he was not sane. Before you can find Albert Hauser was insane at the time he committed the crime with which he is charged, if you find that he did commit such crime, you must be satisfied by a preponderance or greater weight of the evidence,'that at the time the act was committed, Albert Hauser was not capable of judging whether the act was right or wrong, or, that he didn’t know at the time that it was an offense against the laws of God and man, ¡that he was not a free agent in forming the purjpose to kill.”
This charge involves the question of the burden of proof where insanity is set up as a defense. Some authorities hold that while this burden rests upon the state, the presumption of sanity was sufficient to support this burden. However, the greater weight of authority and the settled rule in Ohio is that the burden of proving insanity rests upon the defendant. (State v. Austin, 71 Ohio St., 317.) If Hauser sustained this burden he could not fee held responsible for the crime charged, and, as insanity was the only defense urged, the measure of the burden of proof is of prime importance, and if special charge No. 3 requested by the state im *264 posed on him a greater burden than the law prescribes it was prejudicial error. The rule in Ohio is that to establish the defense of insanity a preponderance of the evidence is all that is required. It is, therefore, clear, if the language used in the charge indicated to the jury that more than a preponderance is required, that the charge would violate-the rule of law and impose upon the defendant Hauser more than the law required. Kelch v. State, 55 Ohio St., 146, and Sharkey v. State, 4 C. C., 101, and cases cited.
In the case of Kelch v. State, supra, Judge Bradbury has collated and commented on the authorities of the different states relative to this question, and clearly lays down the rule. The language, “must satisfy you that he was not sane,” “you must be satisfied by a preponderance or greater weight of the evidence,” used in the charge in the instant case, contains in substance the language disapproved by the authorities above cited, and upon which a judgment of reversal was rendered.
In the case of Kelch v. State the trial court in charging the jury said:
“It is not required, however, that this defense be established beyond a reasonable doubt; but it is sufficient if the jury is reasonably satisfied by the weight or preponderance of the evidence that the accused was insane at the time of the commission of the act. * * *
“The proof must be such as to overcome the legal presumption of sanity; it must satisfy you that he was not sane.”
And other language of similar import.
*265 The. court held that under this charge “it is not sufficient, * * * that the fact of insanity be ¡made probable, something more than that is required; the jury must be satisfied that it existed. To satisfy the mind according to the common notion of mankind is, to free it from doubt; to set at rest.”
We are of opinion that the language used in' special charge No. 3 is not distinguishable in substance from the charge given in the case of Kelch v. State, supra, held to be prejudicial.
For application of the rule in civil cases see Cincinnati, Hamilton & Dayton Railway Company v. Frye, 80 Ohio St., 289, and Cincinnati Traction Co. v. Forrest, 73 Ohio St., 1.
It is urged by defendant in error that while the language complained of may be subject to criticism, taking the charge as a whole, the jury could not have been misled thereby. But, when we consider that practically the only defense offered is the question of insanity, and that the special charge given covered the whole question of the quantum of the proof to establish insanity, it must appear at once that the charge was prejudicial. Moreover, an erroneous special charge is not cured by a correct general charge. Pittsburgh, C. & St. L. Railway v. Krouse, 30 Ohio St., 222.
Complaint is made of the conduct of the prosecuting attorney at the trial. The record does not disclose any objection or exception at the time to the conduct of the prosecutor. It is sought to raise the question by affidavits of counsel for defendant present at the trial This does not properly raise the question and these assignments of *266 error will not- be considered. Iron Co. v. Street, 19 Ohio, 300; Templeton v. Kraner, 24 Ohio St., 554; Fitzgerald v. Cross, 30 Ohio St., 444; State v. Young, 77 Ohio St., 529, and Berman v. State, 16 C. C., N. S., 106, affirmed 81 Ohio St., 508.
We have considered the other errors assigned, but do. not find that they are prejudicial, and in view of the probable, retrial of the cause we will not comment on the weight of the evidence.
For error in giving special charge jSTo. 3, requested by the state, the judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Shohl, P. J., and Cushing, J., concur.