By the Court.
 

 In this action the plaintiff sought
 
 *125
 
 damages for injuries sustained which he claimed to have resulted from the negligent operation of a street car of the Cincinnati Traction Company, which collided with the motor truck upon which he was riding. The trial resulted in a verdict and j'udgment for plaintiff, which was affirmed by the Court of Appeals.
 

 Concededly error was committed by the trial court in the general charge in three particulars.
 

 The court defined negligence as follows: “Negligence is defined as the doing of what an ordinarily careful and prudent person would not have done under the same or similar circumstances, or the failure to do that which an ordinarily careful and prudent person would not have done under the same or similar circumstances.”
 

 In defining preponderance of evidence, and instructing the j’ury as to the manner of weighing the evidence, the court said:
 

 “If, in weighing all of the evidence offered on behalf of the plaintiff on these issues, such evidence outweighs in your mind that offered on behalf of the defendant, then on those issues the plaintiff is said to have sustained the burden of proof. If the evidence offered on behalf of the plaintiff is evenly balanced in your minds by that offered on behalf of the defendant on any of these.issues, then on that issue plaintiff has failed to sustain the burden of proof.”
 

 The court further instructed the jury as follows: “If you should find from the evidence that defendant was not negligent as charged in the petition, and that plaintiff’s injuries were caused solely
 
 *126
 
 by the negligence of the driver of the truck, then your verdict should be for the defendant.”
 

 The error in each of these instructions is quite apparent. The prejudicial character thereof, particularly the one last above quoted is manifest upon a consideration of the entire record, which discloses very substantial evidence that the injury resulted from the negligence of the driver of the truck rather than from that of the motorman of the traction car. However, the question was presented whether the collision resulted from the sole negligence of the plaintiff, the sole negligence of the driver of the truck, the combined negligence of the two, or whether it was just an accident. There could of course be no recovery against the defendant, unless it was shown that defendant was negligent, and it was not essential in order to relieve the defendant that the jury should find that the plaintiff’s injuries were caused solely by the negligence of the driver of the truck. This instruction was violative of the rule recently stated in
 
 Montanari
 
 v.
 
 Haworth,
 
 108 Ohio St., 8, 140 N. E., 319.
 

 Judgment reversed.
 

 Marshall, O. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.