HARIG ET AL. *v.* McCUTCHEON ET AL.
THE CINCINNATI TIMES-STAR CO. *v.* McCUTCHEON
ET AL.
HARIG ET AL. *v.* McCUTCHEON ET AL.

*Negligence—Comparative negligence inapplicable to all employes on job—Relation of employer and employes necessary—Sections 6245-1 and 6242, General Code—Statutory construction—Court cannot read provisions into statute— Failure to protect open elevator shaft—Petition charging various defendants with duty to guard shaft—Plaintiff not required to elect against one defendant, when—Competency of evidence that shaft guarded after accident— Charge to jury—Issue erroneously stated by assuming some defendants negligent—Negligence never presumed, when—Burden of proof—Charge that jury to be "satisfied" by preponderance of evidence, erroneous.*

1. Section 6245-1, General Code, preventing slight contributory negligence by employe of contractor or subcontractor from barring recovery, does not protect all employes, regardless of who employer is, though he is employed on particular job.

2. In determining what employes may avail themselves of Section 6245-1, General Code, preventing slight contributory negligence by employe from barring recovery, section must be read in connection with Section 6242, providing for actions against employer for personal injuries to employe.

3. Court, in construing statute, cannot read any provision into or out of statute.

4. Under petition against various defendants, alleging negligence in failure to protect open elevator shaft, if intended to charge each defendant with duty of guarding shaft, it was not error to overrule motion to require election as to which one of defendants plaintiff would proceed against.

5. In action for negligence in failing to protect open elevator shaft, evidence that shaft was covered immediately after accident was competent only to show that it was not so guarded at time of accident and that parties charged

with its protection had knowledge of unguarded condition, but evidence was not competent to prove actionable negligence, and its admission, unless so limited, was erroneous.

6. In action for negligence in failing to protect open elevator shaft, charge stating issues as "Whose negligence caused accident?" was prejudicial error, as assuming one or more of defendants was negligent.

7. When charge of negligence is made and denied, negligence is never presumed.

8. Party on whom law casts burden of proof must carry it by preponderance of evidence, and instruction that jury must be satisfied by preponderance of evidence is prejudicial error, since to satisfy requires more than preponderance of evidence to maintain the issue.

(Decided September 13, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Pogue, Hoffheimer & Pogue, Mr. Walter M. Locke,* and *Mr. J. A. Culbertson,* for J. & F. Harig and Cincinnati Times-Star Co.

*Mr. H. E. Engelhardt,* for Warner Elevator Co.

*Messrs. Hightower, O'Brien & Porter,* for McCutcheon.

CUSHING, J.   John L. McCutcheon brought an action against Charles Harig, Frank P. Harig, John J. Harig, individually and as partners doing business as J. & F. Harig, the Cincinnati Times-Star Company, a corporation, and the Warner Elevator Manufacturing Company, a corporation, charging these defendants with negligence in failing to guard, barricade, and protect an elevator shaft, also charging them with a violation of Section 504, c. 3, of the Building Code of Cincinnati, and prayed for judgment in the sum of $50,000.

The answers of the various defendants deny

negligence, and plead that the accident, if any, was caused by the sole negligence of the plaintiff; and, for a third defense, defendants claim that the plaintiff was guilty of contributory negligence.

The reply was a general denial of the allegations of the answers.

The jury returned a verdict for plaintiff below, and these actions are prosecuted to reverse the judgment entered on that verdict.

The errors assigned are that the court erred: (1) in construing Section 6245-1, General Code; (2) in overruling defendants' motion to require plaintiff to elect against which of the defendants he would proceed; (3) in giving plaintiff's special charges 1 and 2; and (4) in misstating the law in its general charge.

The trial court, in construing Section 6245-1, General Code, said: "In addition, this court being of the opinion that Section 6245-1, General Code, is intended to protect, not only the immediate employes of any contractor or subcontractor, but all employes, regardless of who the employer is, but provided he was employed upon this particular job of work."

The court's view, here stated, read into the statute a provision that it did not contain. The section in question must be read in connection with Section 6242, General Code. It provides: "In all actions brought to recover from an employer for personal injuries suffered by his employe," etc.

It has been stated so many times, that a court in construing a statute has no authority to read any provision into or out of the statute, that it is sufficient in this case to call attention to the fact that the court did not correctly construe the

statute, but read into it a provision that it did not contain.

The petition contains the statement: "Plaintiff says that the defendants herein had failed and neglected to place any guard, barricade, or protection about said open elevator shaft, or other protection around said opening to protect workmen, who, in the course of their employment, found it necessary to go into said basement, and that they were guilty of negligence in failing so to do."

We assume that the plaintiff by this statement intended to allege that each of the defendants was charged with the duty of guarding the excavation in question. If the language quoted bears such a construction, it was not error for the court to overrule the motion of defendants to require plaintiff to elect as to which one of the defendants he would proceed against.

Another ground of error assigned was that the court admitted evidence of what was done with the elevator shaft after the accident.

Evidence that the elevator shaft was covered or guarded immediately after the accident was competent only for the purpose of showing that it was not so guarded at the time of the accident, and that the parties charged with its protection had knowledge of its unguarded condition. That evidence was not competent to prove actionable negligence, and, unless the testimony was limited to the above, and the jury properly instructed, its admission was erroneous. *Brewing Co.* v. *Bauer,* 50 Ohio St., 560, 35 N. E., 55, 40 Am. St. Rep., 686.

Special charge No. 1, requested by the plaintiff, is not well stated, and might easily be misunder-

stood by the jury; yet we would not be inclined to reverse the case if that were the only error in the record.

Special charge No. 2, of which plaintiffs in error complain, does not correctly state the law. The case of *Baker* v. *Pendergast,* 32 Ohio St., 494, 30 Am. Rep., 620, when considered in connection with the facts stated in the charge · does not support the contention of the plaintiff. The charge should not have been given.

It is claimed that the court erred in its general charge to the jury. In stating the issues, the court used this language: "The issues in this case are, substantially, Whose negligence caused the accident?" In stating the rule by which the jury should determine the burden of proof, the court said: "He must prove that to your satisfaction by a preponderance of the evidence." And again: "But the party claiming negligence must prove the same to your satisfaction by the greater weight of the evidence."

In another part of the charge the court used this language: "The plaintiff does not have to show that the injury was intentional, or that the negligence, if any, was intentional, but he must show to your satisfaction that the negligence complained of, in order to enable him to recover, must be the proximate cause of the injury."

Considering these statements in the order given, the court assumed, in stating the issues, that one or more of the defendants were guilty of negligence. It is fundamental that when a charge of negligence is made and denied, negligence is never

presumed. The court erred in stating the issues, and that error was prejudicial.

In its instruction to the jury on the burden of proof, the court again committed prejudicial error. The rule is that the party on whom the law casts the burden of proof must carry it by a preponderance of the evidence, and an instruction that the jury must be satisfied by a preponderance of the evidence is misleading and erroneous. To satisfy requires more than a preponderance of the evidence to maintain the issue, and such a charge is erroneous and prejudicial. *Cincinnati, Hamilton & Dayton Ry. Co.* v. *Frye,* 80 Ohio St., 289, 88 N. E., 642, 131 Am. St. Rep., 709; *Hauser* v. *State,* 12 Ohio App., 262, and cases therein cited; and *Cincinnati Traction Co.* v. *Williams,* 115 Ohio St., 124, 152 N. E., 30, recently decided by the Supreme Court.

For the reasons stated, the judgment will be reversed, and the cause remanded for a new trial according to law.

*Judgment reversed and cause remanded.*

BUCHWALTER, P. J., and HAMILTON, J., concur.