## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

#### No. 161

HARIG et v. McCUTCHEON et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2885-89-90. Decided Sept. 13, 1926

Mot. to cer. ov., Dec. 28, 1926, 5 Abs. 11; OS. Pend. 4 Abs. 803.

465. ERROR—Where several defendants are charged with negligence in not performing a specific act, it is not error for the court to overrule a motion made by defendants to require plaintiff to elect against whom he will proceed.

225. CHARGE TO JURY—1. Where a court in its general charge assumes that one or more of the defendants are guilty of negligence, such is error because it is fundamental that when a charge of negligence is made, and denied, that negligence is never presumed.

2. Where a court in its general charge upon burden of proof, states that jury must be satisfied by a preponderance of the evidence, it is erroneous, the rule being that the party on whom the law casts the burden of proof must carry it by a preponderance of the evidence, and to satisfy, requires more than a preponderance of the evidence.

#### First Publication of this Opinion

CUSHING, J.

John L. McCutcheon brought an action in the Hamilton Common Pleas against Harig et., building contractors, The Cincinnati Times Star Co., the owner of the building, and the Warner Elevator Co., who were installing an elevator in the building, charging these defendants with negligence in failing to guard, barricade, and protect an elevator shaft, also charging them with violation of Sec. 504-3 of the Building Code of Cincinnati and prayed judgment in the sum of $50,000.

The answers of the various defendants deny negligence, plead that the accident was caused by the sole negligence of McCutcheon; and further that he was guilty of contributory negligence. The reply was a general denial and upon trial a judgment was returned in favor of McCutcheon.

The errors assigned are (1) that the court erred in construing Sec. 6245-1 GC.; (2) in overruling defendants motion to require McCutcheon to elect against which of the defendants he would proceed; (3) in giving plaintiff's special charges, 1 and 2; (4) misstating the law in the general charge. The Court of Appeals held:

1. The trial court, in construing 6245-1 GC. said in brief that said section is intended not only to protect immediate employees of any contractor, but all employees regardless of who the employer is, but provided he was employed upon this particular job of work.

2. The court's view read into the statute a provision that it did not contain. The section must be read with 6242 GC. which provides in all actions brought to recover from an employer for personal injuries, suffered by his employee, etc.

3. It has been stated so many times that the court has no authority in construing a statute to read in or out of the statute any provision, and it is sufficient to say the court did not correctly construe the statute, but read into it provisions it did not contain.

4. Where several defendants are charged with negligence in not performing a specific act it is not error for the court to overrule a motion made by defendants to require plaintiff to elect against whom he will proceed.

5. Charge 1 might confuse the jury but is not ground for reversal; charge 2 does not correctly state the law and should not have been given. 32 OS. 494.

6. Where a court in its general charge assumes that one or more of the defendants are guilty of negligence such is error because it is fundamental that when a charge of negligence is made and denied, that negligence is never presumed.

7. Where a court in its general charge upon burden of proof states that the jury must be satisfied by a preponderance of the evidence, it is erroneous, the rule being that the party on whom the law casts the burden of proof must carry it by a preponderance of the evidence, and to satisfy, requires more than a preponderance of the evidence to maintain the issue. 8 OS. 289; 12 App. 262.

8. Admission of testimony that the shaft was guarded immediately after the accident, can be admitted to show only that parties had notice of the unguarded condition and it can never be used to show actionable negligence. 50 OS. 560.

Judgment reversed.

(Buchwalter, PJ., and Hamilton, J., concur.)

Attorneys—Pogue, Hoffheimer & Pogue, Walter M. Locke, and J. A. Culbertson for Harig et; Hightower, O'Brien & Porter and H. E. Engelhardt for McCutcheon; all of Cincinnati.