CINCINNATI TRACTION CO. v. EYRICH

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2960.  Decided March 28, 1927.

**First Publication of this Opinion.**

655.  JOINDER OF PARTIES—Where liability is joint and several and there is no right of contribution as between joint tort feasors, judgment is joint and several liability, and proceedings in error will not be dismissed for failure to join.

225.  CHARGE OF COURT—Where court, by improper use of word "offered" confines jury, in weighing evidence in favor of one party, to evidence offered by that party, charge is erroneous and prejudical.

Error to Municipal Court.
Affirmed by Common Pleas.

Error to Common Pleas.
Judgment reversed.

James G. Stewart, Cincinnati, for Traction Co.

Schorr & Wessellman, Arthur C. Fricke and Thomas L. Michie, Cincinnati, for Eyrich.

BUCHWALTER, J.

The action was brought, in the Municipal Court of Cincinnati, by Albert Eyrich against the Cincinnati Traction Co. and Eva Lindemann, to recover damages for personal injuries. A verdict was returned for plaintiff against both defendants, and judgment entered thereon. Error was prosecuted by the Cincinnati Traction Co. to the Court of Common Pleas, where the judgment of the Municipal Court was affirmed. The Traction Company now prosecutes error proceedings in this court to reverse those judgments.

Parties here are, The Cincinnati Traction Company as plaintiff in error and Albert Eyrich as defendant in error; Eva Lindemann not having been made a party to these proceedings.

Defendant in error filed a motion to dismiss for the reason that Eva Lindemann is not a party defendant.

In an action growing out of the same accident, wherein George F. Eyrich, Sr., was the plaintiff, and the Traction Company and Eva Lindemann were defendants, the plaintiff obtained a judgment against Eva Lindemann only. Eva Lindemann then brought error proceedings, without making the Traction Company a party thereto. A motion to dismiss for the same reason was presented, and in that case, the motion to dismiss was overruled. The reasons stated and the authorities cited in that opinion, which is reported in Ohio Law Bulletin and Reporter No. 1, 1926, pg. 256, are applicable to this case.

Under these provisions, the liability being joint and several and there being no right of contribution as between joint tort feasors, such a judgment against them is a joint and several liability. Plaintiff in error is therefore not required to join Eva M. Lindemann as a party defendant, and the motion to dismiss is overruled.

The portion of the charge which is complained of is as follows:

"* * * if, in weighing evidence, all the evidence offered on behalf of the party on whom is placed the burden of proof on any material point in issue, such evidence outweighs that offered on the part of the other party, then the party on whom the burden or proof is placed is said to have sustained the burden of proof. If the evidence offered on behalf of the party on whom is placed the burden of proof is evenly balanced * * * then the party * * * has failed to sustain the burden of proof on this issue."

The vice in this charge is in the use of the word "offered." By this charge the jury, in weighing the evidence in favor of the Traction Co., is confined, in its consideration, to evidence offered by the said company.

The Supreme Court of Ohio, in the case of Cincinnati Trac. Co. v. Williams, 114 OS. 541, in passing upon a similar charge, said:

"The error in each of these instructions is quite apparent. The prejudicial character thereof, *particularly upon a consideration of the enitre record which discloses very substantial evidence that the injury resulted from the negligence from the driver of the truck rather than from that of the motorman of the traction car."

As illustrative of the prejudicial effect of the charge herein under consideration, it appears from the record that the wife of the plaintiff, called in his behalf, gave testimony to the effect that the injury was not the result of the negligence of the Traction Company. However, the charge as given would deprive the Traction Company of the benefit of such evidence brought out by a witness for the plaintiff. This was necessarily prejudicial.

(Hamilton, PJ., and Cushing, J., concur.)

*The verb seems to have been omitted from this sentence.