## No. 641

## GATH v. TRAVELERS' INSURANCE CO.

Ohio Appeals, 1st Dist., Butler Co.

No. 363. Decided May 31, 1927.

647. INSURANCE—225. Charge of Court —Not error for Court to charge jury in language of insurance policy.

225. CHARGE OF COURT—Use of term "satisfactory" or "more satisfactory" is contrary to law, erroneous, and prejudicial.

Error to Common Pleas. Judgment reversed.

First Publication of this Opinion

CUSHING, J.

Maggie L. Gath prosecuted an action to recover from The Travelers' Insurance Company, on a contract of accident insurance. The jury returned a verdict for the Insurance Co., and this action is prosecuted to reverse the judgment. The contract provided two provisions for payment in case of death, one of which was that if the injuries should wholly and continuously disable the insured, from the date of the accident and that death occured within two hundred weeks, payment would be made in full. The other provision was that the company would pay the amount of the policy if death occured within ninety days from the date of the accident, irrespective of total disability.

The plaintiff in error claims that the accident happened January 20, 1923. Gath died April 25, 1923. The death was not within the ninety day provision of the policy, and the clause "irrespective of total disability" is not applicable. The trial court did not err in charging the jury in the language of the policy.

Plaintiff in error claims that the court erred in its general charge in this: "Burden of proof means preponderance of evidence in favor of the disputed proposition when that offered, for or in behalf, outweights or is more satisfactory to your minds than that offered to the contrary."

The rule of burden of proof is by a preponderance of the evidence. This is plain, simple and easily understood. The use of words or phrases to explain such rule is superfluous, and can lead to nothing but confusion. The use of the term "satisfactory," or "more satisfactory" is contrary to law, erroneous, and prejudicial. C. H. & D. v. Fry, 80 OS. 289; Hauser v. State, 12 Ohio App. 262; State v. Hauser, 101 OS. 404.

Judgment reversed.

(Hamilton, PJ., and Buchwalter, J., concur).

Attorneys—W. C. Shepherd and Andrews, Andrews & Rogers, Hamilton, for Gath; McMahon, Corwin, Landis & Markham Dayton, for Insurance Co.