THE FRANKLIN MOTOR CAR CO. *v.* DYER.

242

(Decided June 4, 1928.)

*Messrs. Sawyer & Pichel* and *Mr. Joseph P. Good-enough,* for plaintiff in error.

*Mr. Charles L. Swain* and *Mr. Thomas L. Michie,* for defendant in error.

MILLS, J.    Dyer sued the Franklin Motor Car Company in the court of common pleas for $25,460 damages alleged to have been caused by an automobile collision.    Plaintiff's bodily injuries were estimated at $25,000, including medical and surgical ex-

penses; and he claimed $375 for injuries to his automobile and $85 for injuries to his plumbing tools and equipment. The company admitted that the collision was caused by the negligence of the driver of its automobile, and the case went to trial on the measure of damages. The jury returned a verdict for $10,000, and judgment was entered thereon, from which the company prosecutes error.

It is claimed (1) that the court erred in the admission of evidence; (2) that the court erred in its charge to the jury; (3) that the court erred in refusing to charge upon a certain question; and (4) that the verdict and judgment are excessive and not sustained by sufficient evidence.

Dyer was a journeyman plumber engaged in business as a contracting master plumber. He was 37 years old, and had worked at the plumbing trade for 22 years, five of them as master plumber. It was in evidence that prior to the receipt of the injuries complained of he had always been strong and healthy, and had never lost any time because of sickness. His earning capacity as a journeyman plumber was $55 a week. There is evidence that his injuries were serious, painful, and permanent, and that his earning capacity has been seriously impaired.

The petition averred that the collision had fractured three of Dyer's ribs, injured his neck and his backbone, with accompanying pain and anguish and severe nervous and physical shock, causing him to lose much valuable time from his work and labor as a journeyman plumber and as a contracting master plumber, and disabling him from ever again working as a journeyman plumber. It was also

averred that the injuries received by him would cause him to "continue to lose much valuable time from his said work and labor" as a journeyman and contracting master plumber.

It is complained that he was allowed to introduce testimony as to an eruption on his foot, claimed to be symptomatic of severe nervous injuries to the spinal cord. Inasmuch as this evidence was introduced for the purpose of proving the nature and extent of the nervous shock, we hold that its admission was not erroneous.

It is claimed that the court erred in admitting testimony as to Dyer's earning capacity as a journeyman plumber. In *Lo Schiavo* v. *Northern Ohio Traction & Light Co.*, 106 Ohio St., 61, 138 N. E., 372, 27 A. L. R., 424, the first three propositions of the syllabus state the law as follows:

"1. In actions for damages for personal injury, one of the elements of damage is the impaired earning power of the injured party and the loss of personal earnings suffered during such time as the injured party was either wholly or partially incapacitated.

"2. Such party is not entitled to recover for loss of profits in any business owned or operated by him, but only the loss of those earnings which result from his personal efforts.

"3. Where a party is injured and thereby incapacitated from conducting his business, either wholly or partially, the measure of damage for such loss is the compensation ordinarily paid to others for rendering like service."

There is evidence tending to show that Dyer, though engaged in business as a contracting plumb-

er, also plied his trade at times; that he had in fact been occupied as a working plumber on the morning of the accident. It is evident that, in view of his youth, his skill at his trade was a valuable asset and a protection to him in case he should fail at the business of contracting master plumber. He had been a contracting master plumber for 5 years, and there is evidence that he had lost 6 months time at that occupation; but it is clear that earning capacity as a contracting plumber would furnish only a problematical standard by which to measure his damages. There is evidence that he had been unable to work as a journeyman plumber since the time of the accident, and that he would never again be able to work at that occupation, nor to exert any strenuous physical effort. We are of the opinion that his earning capacity as a journeyman plumber was a proper criterion by which to measure the money value of the damages that he had sustained by reason of his injuries. This criterion was specifically invoked in the petition, and, in our view of the case, properly so. We adopt this conclusion the more readily because the defense prevented the plaintiff from introducing evidence as to the value of the plaintiff's time as a contracting master plumber.

It is claimed that the court erred in refusing to charge the jury not to allow Dyer "for any loss as to his business as a contracting plumber." This refusal was not prejudicial, in view of the fact that no loss of business had been pleaded in the petition, and no evidence had been offered as to the amount of any such loss.

"The rule that the court ought to adapt its charge to the issues made by the pleadings and the evidence

forbids the introduction into the charge of instructions upon an issue not so raised." *Cincinnati Traction Co.* v. *Forrest,* 72 Ohio St., 1, 75 N. E., 818.

It is claimed that the court erred in charging the jury as follows:

"By preponderance of the evidence is meant the greater weight of the evidence, and the weight of the evidence has reference to the probative value of having influenced your minds of the facts, rather than the mere number of witnesses. Briefly it is the evidence that influences your minds in arriving at a verdict. It means simply that after a consideration of all the evidence, including the testimony of the witnesses, the evidence on one side outweighs that of the other, then such side which outweighs the other is said to have the weight or preponderance of the evidence."

This charge does not violate the rule laid down in *Cincinnati Traction Co.* v. *Williams,* 115 Ohio St., 124, 152 N. E., 30, wherein the court held to be erroneous the use of the words "offered on behalf" of the plaintiff and "offered on behalf" of the defendant.

A fair construction of the charge in the instant case would be that the jury should gather or collect the different items of evidence and place them on one or the other side of the scale; but there is no direction that the jury should place on either side such evidence only as was offered by that side.

The defendant complains of the following portion of the charge to jury:

"The measure of damages, if you find for the plaintiff, is compensation and compensation only. In determining what sum will compensate the plaintiff,

you may consider his pain and suffering, and you may consider the reasonable value of the medical expenses, surgeon's and physician's services, if any he has incurred, and you may consider the impairment of his earning capacity if any, since the injury, and the nature and extent of the disability, if any, caused to the plaintiff and to what extent such injury will continue with reasonable certainty in the future."

Plaintiff had introduced evidence as to the medical and surgical services that he had incurred and as to the reasonable value thereof, together with evidence as to the other elements of damage outlined in the foregoing charge. We find no error in this portion of the charge.

The petition set up a claim of $85 as damages for the loss of plaintiff's plumbing tools and plumber's furnace; but no evidence was offered as to such loss. It is claimed, therefore, that the court erred in charging the jury that they might also take into consideration "the difference, if any, between the market value of the plaintiff's tools, if any, which were on the said truck at the time of the accident, immediately before said collision, and the reasonable market value of said tools immediately after the collision."

In *Lewistown Foundry & Machine Co.* v. *Hartford Stone Co.*, 92 Ohio St., 76, 110 N. E., 515, the first proposition of the syllabus of the court reads as follows:

"Where no evidence is offered upon an issue joined by the pleadings in the case, the trial court is not required to charge the jury upon such issue, but, on the contrary, should direct the jury not to

consider it. *P., C. & St. L. Ry. Co.* v. *Fleming,* 30 Ohio St., 480, approved and followed.''

The defense noted a general exception to the court's charge; and the last-quoted portion of the charge was erroneous. This error will be cured by a remittitur of the $85.

We are of the opinion that, with the exception of the error as to the alleged $85 damage to the tools, no prejudicial error has intervened in the trial of this case.

If defendant in error will consent to a remittitur of $85, the judgment will be affirmed.

. *Judgment accordingly.*

HAMILTON, P. J., and CUSHING, J., concur.