24535. GROOVER *v.* TIPPINS *et al.*

DECIDED APRIL 3, 1935.

*G. Fred Kelley, Dorough, Hope & Fox,* for plaintiff.

*Howell Brooke, E. M. McCanless,* for defendants.

GUERRY, J. This case is a question of title or right to possession of certain lost treasure, between the finder thereof and the owner of the land upon which it was found. Lost and found

articles are always interesting from the human standpoint. The greatest Teacher ever to live on this earth illustrated his teachings with the parables of the lost pearl, the lost sheep, the lost coin, and the lost boy. The discovery of the key to the location of lost or hidden treasure has been of fascinating interest to author and reader alike. When Robert Louis Stevenson wrote his immortal "Treasure Island," he enveloped it with the most appealing and alluring quality of treasure trove.

"Fifteen men on a dead man's chest,
Yo-ho-ho and a bottle of rum,"

brings again to our minds Captain Bill and a certain "seafaring man with one leg." Buried gold has been the theme of writers, and has given to their writings an entrancing interest, whether the reader be the growing boy or the sedate and settled old man. No one has started to read Poe's "Gold Bug," and wanted to lay it down until he had reached the end. Indeed, Georgia's Golden Isles have been lent an added glamour because of "Black Beard," and "Captain Kidd," and the search for their buried treasure will continue to thrill millions yet unborn.

The plaintiff, the owner of land on which were found 37 pounds of "gold dust and gold bullion," of the value of $15,540, brought suit against the finders, to recover the value thereof. The gold was found on the plaintiff's land "250 yards west of the dwelling house on said lands, forty feet south of the public road leading from Frogtown to Silver City, and 250 yards southeast of a large rock by the side of the public road, containing various markings and circles and under a large rock." We are not informed by the pleadings whether the finders gained their information as to the gold from Captain Bill or Long John Silver. We are informed that they found the treasure, and the owner of the land claims it or its value. The petitioner does not allege in his petition that he was the owner of the gold dust and bullion found, or that it was in its natural state, or that he found the same, but he bases his title or claim on the fact that he was the owner of the land on which the gold was found. It can not be doubted that if the gold found had been ore in its natural state, the ownership of the land would have carried the ownership of the gold, and that another person finding such gold in its natural state would not gain any title thereto as against the owner of the land. "Goods or chattels are

lost, in the legal sense of the word, only when the possession has been casually and involuntarily parted with, so that the mind has no impression, and can have no recourse to the event." 25 C. J. 1134. "A thing voluntarily laid down and forgotten is not lost, within the meaning of the rule giving the finder the title to lost property." 25 C. J. 1134. In such a case the title to the property is still in the possession of the owner, through possession of the place in which it is found. It is not lost in the legal sense. Treasure trove is defined as "gold or silver in coin, plate, or bullion, found concealed in the earth, or in a house or other private place, but not lying on the ground, the owner of the discovered treasure being unknown." (If the owner is known or can be discovered, it is not treasure trove.) By early common law the finder of treasure trove took title to it against all the world except the true owner. By statute the title was vested in the Crown, subject to the claim of the true owner, just as other property may under certain circumstances revert to the Crown or State. The authorities are practically unanimous that title to treasure trove belongs to the finder as against all the world except the true owner; and as a general rule the title and right to possession of the finder is not affected by the ownership of the property in or upon which the thing lost is found. The Civil Code (1910), § 3495, makes the finder of property an involuntary bailee for the true owner. The law would imply a trust for the benefit of the true owner. The finder gains title as to third parties.

The petition in this case as originally filed alleged that the defendants dug under a large rock and uncovered a treasure trove hidden on the petitioner's land. By amendment this paragraph was stricken and it was alleged that defendants "dug, mined, and found 37 pounds of gold dust and gold bullion," of a named value, and that at the time they found this gold they were trespassers on the plaintiffs' land, having been warned not to go thereon. It is unquestionably true that the owner of the land has title to all raw metals and ores in his land, irrespective of his knowledge of their presence. Plaintiff insists in this case that by his amendment he took away from the gold its quality as "treasure trove" and made by his allegation a question for the jury to pass upon and say whether it was treasure trove or not. He seemingly assented in his brief to the proposition that the finder of treasure trove has

title thereto as against all persons except the true owner. He does not allege that he is the true owner, except by reason of his ownership of the land. Although the amendment alleges that defendants "dug, mined, and found" the gold, he also alleges that it was gold dust and gold bullion. Bullion is defined as "Uncoined gold or silver, in the shape of bars or ingots and the like." The petition, construed most strongly against the pleader, alleges that the gold was not in its natural state, or ore, but had already been subjected to change by human personality, for it was made into bullion. It is not suggested that this gold was mined from the land as the term "mining" is usually and generally understood. The allegations here made seem to fit the definition in Livermore v. White, 74 Me. 452 (43 Am. R. 600). Treasure trove is properly money supposed to have been hidden in the earth but not lying on the ground, and no man knows to whom it belongs, the secret of the deposit having perished. This is not a suit in trespass, but is a suit in trover for the recovery of the property or its value. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*