35051. McDONALD *v.* RAILWAY EXPRESS AGENCY, INC.

TOWNSEND, J. 1. Lost property is that with which possession has been casually and involuntarily parted, so that the mind has no impression, and can have no recourse to the event. *Groover* v. *Tippins,* 51 *Ga. App.* 47 (179 S. E. 634). The finder of lost property has a right to it as against the world, except against the true owner.

2. As to the property of another lost while in the custody of a common carrier or other fiduciary (as, for example, a bond dropped out of a safety-deposit box in the custody of the bank or other agency providing places for caring for valuables, or out of a parcel consigned for shipment by a carrier), such carrier or other fiduciary has the right of custody by privity of contract with the true owner; and where the finder of such property is the servant of the fiduciary, he finds it in his character as such servant, and the right of custody of the property is in the fiduciary and not in the individual agent or servant who recovers its physical possession. Silcott *v.* Louisville Trust Co., 205 Ky. 234 (265 S. W. 612, 43 A. L. R. 28); Foulke *v.* New York Consolidated R. Co., 228 N. Y. 269 (127 N. E. 237, 9 A. L. R. 1384); Pyle *v.* Springfield Marine Bank, 330 Ill. App. 1 (70 N. E. 2d 257).

3. Where the property is not on the premises by virtue of the contractual duty of the employer to care for it, but, on the contrary, is lost or abandoned by the true owner, or stolen from him and there deposited, an employee of such employer who finds such property does so as an individual, and not as a servant of his master, and he is entitled to the property as against all the world except against the true owner. In re Savarino, 1 Fed. Supp. 331; Silcott *v.* Louisville Trust Co., supra; Cleveland Ry. Co. *v.* Durschuk, 31 Ohio App. 248, (166 N. E. 909); Toledo Trust Co. *v.* Simmons, 52 Ohio App. 373 (3 N. E. 2d 661); Bowen *v.* Sullivan, 62 Ind. 281 (30 Am. R. 172); Erickson *v.* Sinykin, 223 Minn. 232 (26 N. W. 2d 172, 170 A. L. R. 697); Danielson *v.* Roberts, 44 Ore. 108 (74 Pac. 913, 65 L. R. A. 526, 102 Am. St. R. 627); Roberson *v.* Ellis, 58 Ore. 219 (114 Pac. 100, 35 L. R. A. (NS) 979); Hamaker *v.* Blanchard, 90 Pa. 377 (35 Am. R. 664); Deaderick *v.* Oulds, 86 Tenn. 14 (5 S. W. 487, 6 Am. St. R. 812); 36 C. J. S. 773. See also *Groover* v. *Tippins,* 51 *Ga. App.* 47 (supra), relating to treasure trove.

4. Conceding that, under the authority of Foulke *v.* New York Consolidated R. Co., supra, and similar cases, a proprietor has a right, as against its servant finder, to the custody of property which is merely mislaid and it is anticipated will be called for by the true owner, nevertheless, the petition here alleges that the plaintiff in trover, an employee

of Railway Express Agency, Inc., found on the floor of its premises at 325 Mitchell Street, Atlanta, Georgia, a pocketbook containing 26,250 German marks of the value of $6,500; that this occurred on February 11, 1952; that at the filing of the trover action on October 10, 1952, the true owner was still undiscovered; that a reasonable time has elapsed, and the plaintiff is entitled to this amount from the defendant. What is a reasonable time is ordinarily a jury question. Where the petition shows that a period of 8 months has elapsed since the finding of the property, no presumption that it was merely mislaid would arise, and the trial court erred in sustaining a general demurrer and dismissing the petition, since, if the property is lost property, the finder is entitled thereto as against the defendant employer.

The trial court erred in dismissing the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 11, 1954—REHEARING DENIED MARCH 31, 1954.

*Harold Sheats, Wm. C. Rimmer, Jr.,* for plaintiff in error.

*Alston, Sibley, Miller, Spann & Shackelford, James E. Thomas,* contra.